UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: SPECTRUM PHARMACEUTICALS, INC., SECURITIES LITIGATION | Case No. 2:13-cv-00433-LDG (CWH)<br>Base File |

### ORDER APPOINTING LEAD PLAINTIFF

### AND APPROVING SELECTION OF LEAD COUNSEL

This matter is a consolidated action initiated by the filing of five securities class action lawsuits, brought on behalf of purchasers of the securities of Spectrum Pharmaceuticals, Inc. (Spectrum) who purchased or otherwise acquired the Company's securities between August 8, 2012 and March 12, 2013, inclusive (the Class Period). The complaint filed in the base file alleges violations of Section 10(b) of the Securities Exchange Act of 1934 (Exchange Act), Rule 10b-5 promulgated under Section 10(b), and Section 20(a) of the Exchange Act against Spectrum Pharmaceuticals, Rajesh C. Shrotriya, Brett L. Scott and Joseph Kenneth Keller.

Pursuant to Section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C. § 78u-4(a)(3)(B), nine movants have sought appointment as lead plaintiff, along with approval of their respectively

chosen counsel as lead counsel. It appears from the docket that five movants have withdrawn their motions (Leonid Farbman, Motion at #21, Withdrawal at #51; Qi Gao, Motion at #26; Withdrawal at #52; Maraskovsky Group, Motion at #27, Withdrawal at #75; Mehmet Albayrak, Motion at #33, Withdrawal at #70; the Cohens, Motion at #38, Withdrawal at #62). It further appears that movant Mark Wachsberg, though he has not filed a withdrawal, has elected to not contest his motion (#37) as against the remaining movants. Accordingly, at present, pending before the Court are the motions for appointment as lead plaintiff submitted by (A) a pair of funds that collectively identify themselves as the Sector Funds (#23), (B) a group of three individual investors who collectively identify themselves as the SPPI Investor Group (#36); and (C) the Arkansas Teacher Retirement system, an institutional investor (#41).

On December 22, 1995, Congress amended the securities laws by enacting the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). Specifically, Section 21D of the Exchange Act provides that, within 20 days after the date on which a class action is filed:

> the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class -- (I) of the pendency of action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

*See* 15 U.S.C. § 78u-4(a)(3).

On March 14, 2013, a notice was published on Business Wire concerning the filing of the federal class action which is the subject of the pending motions. The notice advised members of the purported class of the pendency of the action, the claims asserted, the purported class period and the right to move the Court within 60 days for appointment as

2

lead plaintiff. As a result, the notice satisfied all the requirements of the PSLRA. *See generally*, *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57 (D. Mass. 1996).

The PSLRA directs the Court to consider any timely motions by members of the putative class to serve as lead plaintiffs in response to any such notice and to presume that the "most adequate plaintiff" to serve as Lead Plaintiff is the person or group of persons who:

> (aa) has either filed the complaint or made a motion in the response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption as to the identity of the most adequate plaintiff may be rebutted where the otherwise presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; and
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The PSLRA also provides for a restriction of professional plaintiffs:

> Except as the court may otherwise permit, consistent with the purposes of this section, a person may be a lead plaintiff, or an officer, director, or fiduciary of a lead plaintiff, in no more than 5 securities class actions brought as plaintiff class actions pursuant to the Federal Rules of Civil Procedure during any 3-year period.

15 U.S.C.A. § 78u-4(a)(3)(B)(vi). The legislative history of the professional plaintiff restriction reflects that the provision was not intended to apply to institutional investors such as Arkansas Teacher:

3

> Institutional investors seeking to serve as lead plaintiff may need to exceed this limitation and do not represent the type of professional plaintiff this legislation seeks to restrict. As a result, the Conference Committee grants courts discretion to avoid the unintended consequences of disqualifying institutional investors from serving more than five times in three years. The Conference Committee does not intend for this provision to operate at cross purposes with the "most adequate plaintiff" provision.

H.R. Conf. Rep. 104-369, at 35, reprinted in 1995 U.S.C.C.A.N. at 734.

Having reviewed all motions, memorandum, and exhibits submitted by the movants, the Court finds that the three remaining movants have timely moved to be appointed lead counsel and each has shown that they satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

The figures in the following table adequately represent the respective financial interests of the movants in the relief sought by the class:

| Movant | Loss | Total Shares Purchased | Net Shares Purchased | Net Funds Expended |
|---|---|---|---|---|
| SPPI (collectively) | $810,184 | 229,965 | 179,180 | $2,134,333 |
| Arkansas Teacher | $767,251 | 176,333 | 175,746 | $2,048,983 |
| Yong Kwon (of SPPI) | $404,654 | 89,907 | 89,907 | $1,060,976 |
| Sector Funds (collectively) | $403,644 | 100,000 | 44,400 | $1,096,593 |
| Sector Healthcare (of Sector Funds) | $332,407 | 75,000 | 75,000 | $915,960 |
| Yongtong Lan (of SPPI) | $253,832 | 62,380 | 52,000 | $633,432 |
| Ray Defelice (of SPPI) | $151,696 | 77,678 | 37,273 | $439,925 |
| Sector Healthcare Value Fund (of Sector Funds) | $71,237 | 15,000 | 15,000 | $180,633 |

Arkansas Teacher and Sector Funds argue that the financial interest of the individual members of the SPPI Group should not be aggregated as the members had no relation with each other prior to the filing of this litigation. They further suggest that the

common interest of the three individual investors was that they responded to a press release issued by their counsel inviting investors to talk with their counsel regarding the Spectrum class action.

The members of the SPPI Group assert that they are a small and cohesive group of sophisticated investors who, after meeting, negotiated a favorable fee agreement, talked with multiple law firms and professors, and read many articles on the lead plaintiff process. They further assert that they spoke extensively with their counsel and reviewed its work.

The members also acknowledge that they did not have a relationship with each other prior to this litigation. They also do not dispute that their counsel issued a series of press releases encouraging Spectrum investors who had suffered losses exceeding $100,000 to contact their counsel. Critically, none of the members have proffered any declaration or statement indicating how the SPPI Group was formed–how the members met–and none dispute the suggestion by both Sector Funds and Arkansas Teacher that the formation of their group was driven by their counsel.

While the SPPI Group is correct that it is not necessary that a group have a pre-existing relationship to be appointed lead plaintiff, a clear purpose of the reforms adopted in the PLSRA was to prevent lawyer-driven litigation. This purpose is undermined when a group, such as the SPPI Group, cannot establish that the formation of their group was driven by some mechanism other than the same law firm that the group intends to nominate as lead counsel. Accordingly, the Court will not aggregate the financial interests of the members of the SPPI Group to determine which movant is the most adequate plaintiff. Rather, in deciding which movant has the greatest financial interest, the Court will consider the financial interest of the SPPI Group to be that of Yong Kwon. Accordingly, the movant with the greatest financial interest is that of Arkansas Teacher.

The SPPI Group and Sector Funds argue that Arkansas Teacher is barred by the restriction on professional plaintiffs from serving as lead plaintiff. They assert, and

Arkansas Teacher acknowledges, that Arkansas Teacher has been a plaintiff in seven securities class actions that have been filed within the last three years. As the legislative history indicates, and as confirmed by numerous other courts, institutional investors do not represent the type of plaintiff that the professional plaintiff provision was intended to restrict. Further, as Arkansas Teacher is an institutional investor and has been named as a plaintiff in just seven actions filed in the last three years, the Court finds that the restriction on professional plaintiffs does not restrict Arkansas Teacher from serving as lead plaintiff in this case.

Finally, the Court finds that neither the SPPI Group nor Sector Funds has shown that Arkansas Teacher will not fairly and adequately protect the interests of the class. Neither have they shown that Arkansas Teacher is subject to unique defenses that render it incapable of adequately representing the class.

Accordingly, having considered each the motions for appointment of lead plaintiff and approval of the selection of lead counsel that have been prosecuted, the Court will grant the motion of Arkansas Teacher, and will deny the motions of the other movants.

Therefore,

THE COURT **ORDERS** that Arkansas Teacher Retirement System's Motion for Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel (#41) is GRANTED;

THE COURT FURTHER **ORDERS** that the remaining motions for appointment as lead plaintiff and approval of selection of lead counsel (## 23, 36, 37) are DENIED.[1]

THE COURT FURTHER **ORDERS:**

A) The Clerk shall mail a copy of this Order to counsel of record in the Consolidated Action.

---

[1] As noted previously, the motions for appointment at ## 21, 26, 27, 33, and 38 have been expressly withdrawn.

B) The Court has previously entered an order consolidating the several securities class actions filed against the defendants. In furtherance of that order, and in consideration of the appointment of Arkansas Teacher Retirement System as the Lead Plaintiff,

1) Every pleading in the Consolidated Action shall have the following caption:

| In re: SPECTRUM PHARMACEUTICALS, INC., SECURITIES LITIGATION | Case No. 2:13-cv-00433-LDG (CWH) Base File |
|---|---|

2) The Court requests the continuing assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that may properly be consolidated as part of the Consolidated Action.

3) When a case that arises out of the same subject matter as the Consolidated Action is hereinafter filed in this Court or transferred from another court, the Clerk of this Court shall:

   a) File a copy of this Order in the separate file for such action;

   b) Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case, and to any new defendant(s) in the newly-filed case; and

   c) Make the appropriate entry in the Master Docket for the Consolidated Action.

4) Each new case that arises out of the subject matter of the Consolidated Action shall be consolidated with the Consolidated Action. This Order shall apply thereto, unless a party objects to consolidation (as provided for herein), or to any provision of this Order, within ten (10) days after the date upon which a copy of this Order is

7

served on counsel for such party by filing an application for relief, and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of Defendants' right to object to consolidation of any subsequently-filed or transferred related action.

C) Arkansas Teacher is appointed to serve as Lead Plaintiff in the Action pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

D) Arkansas Teacher's selection of Labaton Sucharow LLP as Lead Counsel for the Class is approved pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Lead Counsel shall have the authority to speak for all Plaintiffs and Class members in all matters regarding the litigation, including, but not limited to, pre-trial proceedings, motion practice, trial, and settlement. Lead Counsel shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation, and to avoid duplicative or unproductive effort. Additionally, Lead Counsel shall have the following responsibilities:

1) to brief and argue motions;
2) to initiate and conduct discovery, including, but not limited to, coordination of discovery with Defendants' counsel, and the preparation of written interrogatories, requests for admissions, and requests for production of documents;
3) to direct and coordinate the examination of witnesses in depositions;
4) to act as spokesperson at pretrial conferences;
5) to call and chair meetings of Plaintiffs' counsel as appropriate or necessary from time to time;
6) to initiate and conduct any settlement negotiations with Defendants' counsel;

8

|   |   |   |
|---|---|---|
| | 7) | to provide general coordination of the activities of Plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required, in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort; |
| | 8) | to consult with and employ experts; |
| | 9) | to receive and review periodic time reports of all attorneys on behalf of Plaintiffs, to determine if the time is being spent appropriately and for the benefit of Plaintiffs, and to determine and distribute Plaintiffs' attorneys' fees; and |
| | 10) | to perform such other duties as may be expressly authorized by further order of this Court. |
| E) | | As Lead Plaintiff, Arkansas Teacher Retirement System shall file a consolidated complaint in the Base File no later than 60 days after entry of this Order. |

DATED this 20 day of March, 2014.

_____
Lloyd D. George
United States District Judge