BROWNSTEIN HYATT FARBER SCHRECK, LLP
Kirk B. Lenhard, Esq., Nevada Bar No. 1437
klenhard@bhfs.com
Jeffrey S. Rugg, Esq., Nevada Bar No. 10978
jrugg@bhfs.com
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone:  (702) 382-2101
Facsimile:  (702) 382-8135

STRADLING YOCCA CARLSON & RAUTH, P.C.
John F. Cannon, Esq. (admitted *pro hac vice*)
Jason de Bretteville, Esq. (admitted *pro hac vice*)
Aaron C. Humes, Esq. (admitted *pro hac vice*)
660 Newport Center Drive Suite 1600
Newport Beach, CA 92660
Telephone:  (949) 725-4000
Facsimile:  (949) 725-4100

*Attorneys for Defendants*
SPECTRUM PHARMACEUTICALS, INC.,
RAJESH C. SHROTRIYA,
JOSEPH KENNETH KELLER, and
BRETT L. SCOTT

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In Re:<br><br>SPECTRUM PHARMACEUTICALS, INC., SECURITIES LITIGATION | CASE NO. 2:13-cv-00433-LDG-CWH<br>Base File<br><br>**DEFENDANTS' MOTION TO TOLL TIME TO ANSWER DURING PENDENCY OF DEFENDANTS' MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, TO EXTEND TIME TO ANSWER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>(FIRST REQUEST) |

013739\0002\12118167.1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendants Spectrum Pharmaceuticals, Inc., Rajesh C. Shrotriya, Joseph Kenneth Keller, and Brett L. Scott (collectively, "Defendants") respectfully request that the Court enter an order tolling the time for Defendants to answer Plaintiff's Consolidated Amended Class Action Complaint (the "Complaint") until 14 days after the Court's disposition of Defendants' concurrently filed Motion for Reconsideration. (Dkt. No. 118.) In the alternative, Defendants respectfully request that the Court extend the time for Defendants to answer the Complaint and set June 9, 2015 (60 days from today, April 10, 2015) as the date for Defendants' answer to be filed. This is Defendants' first request for such request.

This motion is being made pursuant to Local Rule 6-1 and Rule 6(b) of the Federal Rules of Civil Procedure. Defendants' request is warranted because, concurrently with this motion, Defendants have filed a Motion for Reconsideration of the Court's March 26, 2015 Order denying Defendants' Motion to Dismiss the Complaint.[1] As set forth in Defendants' Motion for Reconsideration, Defendants respectfully submit that the Court's Order contains clear errors of law and fact that have resulted in the Complaint escaping required scrutiny under the Private Securities Litigation Reform Act of 1995 (the "Reform Act"). Tolling the time is particularly appropriate in securities fraud cases such as this one because it serves to uphold the policies underlying the Reform Act, including, *inter alia*, the prohibition on discovery and other proceedings until the Complaint has been subjected to appropriate scrutiny.

///

///

///

---

[1] The Order was signed on March 26, 2015, but it was entered and served on the parties electronically via the CM/ECF system on March 27, 2015. (See Dkt. No. 117 (the docket text says: "Entered: 03/27/2015").)

1

013739\0002\12118167.1

This motion is based on the accompanying Memorandum of Points and Authorities, the attached declaration of counsel, all pleadings and papers filed in this action, and such additional papers and arguments as may be presented at or in connection with oral argument of counsel.

DATED: April 10, 2015

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: /s/ Jeffrey S. Rugg
 Kirk B. Lenhard (Nevada Bar No. 1437)
 Jeffrey S. Rugg (Nevada Bar No. 10978)
 100 North City Parkway, Suite 1600
 Las Vegas, NV 89106-4614
 Telephone: (702) 382-2101
 Facsimile: (702) 382-8135

STRADLING YOCCA CARLSON & RAUTH, P.C.
John F. Cannon (admitted *pro hac vice*)
Jason de Bretteville (admitted *pro hac vice*)
Aaron C. Humes (admitted *pro hac vice*)
660 Newport Center Drive Suite 1600
Newport Beach, CA 92660
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

*Attorneys for Defendants*
*SPECTRUM PHARMACEUTICALS, INC., RAJESH C. SHROTRIYA, JOSEPH KENNETH KELLER, and BRETT L. SCOTT*

013739\0002\12118167.1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND REQUEST FOR ENLARGEMENT OF TIME

Defendants Spectrum Pharmaceuticals, Inc., Rajesh C. Shrotriya, Joseph Kenneth Keller, and Brett L. Scott (collectively, "Defendants") respectfully request that the Court enter an order tolling the time for Defendants to answer Plaintiff's Consolidated Amended Class Action Complaint (the "Complaint") until 14 days after the Court's disposition of Defendants' concurrently filed Motion for Reconsideration. (Dkt. No. 118.) In the alternative, Defendants respectfully request that the Court extend the time for Defendants to answer the Complaint and set June 9, 2015 (60 days from today, April 10, 2015) as the date for Defendants' answer to be filed. This is Defendants' first request for such request.

### A. Defendants Request That The Court Toll Defendants' Time To Answer The Complaint Pending Resolution Of Defendants' Motion For Reconsideration

Lead Plaintiff Arkansas Teacher Retirement System ("Plaintiff") filed the Complaint on May 21, 2014. (Dkt. No. 105.) On July 18, 2014, Defendants filed a Motion to Dismiss the Complaint. (Dkt. Nos. 108, 115.) On March 26, 2015, the Court denied Defendants' Motion to Dismiss. The Court's Order was signed on March 26, 2015, but it was entered and served on the parties electronically via the CM/ECF system on March 27, 2015. (See Dkt. No. 117 (the docket text says: "Entered: 03/27/2015").) Pursuant to Rule 12(a)(4)(A), Defendant's answer would otherwise be due on April 10, 2015. Fed. R. Civ. P. 12(a)(4)(A).

Concurrently with this motion, however, Defendants have filed a Motion for Reconsideration of the Court's Order. (Dkt. No. 118.) In general, motions for reconsideration toll the time periods which would be triggered by the order with respect to which reconsideration has been requested. *See*, *e.g.*, Fed. R. App. P. 4(a)(4) (tolling time to file notice of appeal if a motion for reconsideration of the order subject to appeal has been filed); *Shin v. Cobb County Bd. of Educ.*, 248 F.3d 1061 (11th Cir. 2001) (finding a motion for reconsideration of class certification motion tolled time for a Rule 23(f) interlocutory

appeal).

There are also cases addressing whether a motion for reconsideration tolls the time to file an answer. While the cases acknowledge a lack of direct authority on the issue, each held that a motion for extension of time to file an answer until after the court ruled on the motion for reconsideration was appropriate. *See*, *e.g.*, *Payne v. Britten*, No. 11CV3017, 2012 U.S. Dist. LEXIS 164012, *2 (D. Neb. Nov. 16, 2012) (denying request for reconsideration but granting request for additional time to answer); *Watrous v. Town of Preston*, No. 10-CV-597, 2011 U.S. Dist. LEXIS 53791, *4 (D. Conn. May 19, 2011) ("Assuming, without deciding, that a Motion for Reconsideration tolls the time to file an Answer . . . ."); *Ware v. United States*, 154 F.R.D. 291, 293 (M.D. Fla. 1994) (granting a request for enlargement of time to answer a complaint while a motion for reconsideration is pending by analogy to tolling of the time to file an appeal while a motion for reconsideration is pending); *see also Freeze-Dry Prods., Inc. v. Metro Park Warehouse, Inc.*, 160 F.R.D. 156, 158-59 (D. Kan. 1995) (granting relief from entry of default where defendant did not answer while a motion for reconsideration was pending).

Moreover, tolling the time for Defendants to answer while Defendants' Motion for Reconsideration is pending is particularly appropriate in securities fraud cases, such as this case. This is because tolling the time to answer serves to uphold the policies underlying the Private Securities Litigation Reform Act of 1995 (the "Reform Act"), including, *inter alia*, the prohibition on "discovery and other proceedings" until the Complaint has been subjected to appropriate scrutiny. *See* 15 U.S.C. § 78u-4(b)(3)(B); *see also Powers v. Eichen*, 961 F. Supp. 233, 234-36 (S.D. Cal. 1997) (concluding automatic stay of discovery under the Reform Act continued while motion for reconsideration of an order on a motion to dismiss was pending). As set forth in Defendants' accompanying Motion for Reconsideration, Defendants respectfully submit that the Court did not, *inter alia*, subject the Complaint to the required scrutiny when it applied Rule 8, and not Rule 9, as the standard for reviewing the conclusory allegations in the Complaint. *See Oregon Pub. Employees Ret. Fund v. Apollo*

2

*Grp., Inc.*, 774 F.3d 598 (9th Cir. 2014) (holding that Rule 9, not Rule 8, applies to each of the elements of a Section 10(b) securities fraud claim, even those elements not expressly governed by the Reform Act).

      Even absent automatic tolling, Federal Rule of Civil Procedure 6(b) and Local Rule 6-1 grant the Court authority to extend the time for Defendants to file their answer.  For the reasons already explained, good cause exists to extend the time to answer here for several reasons.  First, Defendants' Motion for Reconsideration is currently pending.  Tolling the time to answer is prudent because if the Motion for Reconsideration is granted, Defendants will not have to answer the Complaint at all.  On the other hand, while Defendants will answer the Complaint if the Motion for Reconsideration is denied, Plaintiff will not be prejudiced by the short delay attendant to the Court's ruling on Defendants' Motion for Reconsideration.  Second, tolling the time to answer serves the underlying policies of the Reform Act.  *See Powers*, 961 F. Supp. at 234-36 (automatic stay of discovery applies while motion for reconsideration pending).  Third, this motion for enlargement of time is not being brought for any improper purpose or delay.  Rather, the motion is being brought so that Defendants' Motion for Reconsideration can be heard before the imposition of significant costs to both parties from discovery and further proceedings in this case.  Defendants note that the Motion for Reconsideration itself is not being brought for an improper purpose, as there are substantial, meritorious arguments in support of reconsideration.  (*See* Dkt. No. 118; *see*, *e.g.*, *Oregon Pub. Employees Ret. Fund v. Apollo Grp., Inc.*, 774 F.3d 598 (9th Cir. 2014) (*Oregon* provides controlling authority holding that the standard governing pleadings in securities fraud cases is Rule 9, not Rule 8).)  Fourth, on April 9, 2015, Defendants' counsel contacted Plaintiff's counsel and asked if they would agree to allow Defendants an extension of time to file an answer until after a ruling on the Motion for Reconsideration, but as of this filing Defendants' counsel has not received a response from Plaintiff's counsel.  (Declaration of Aaron Humes in Support of Defendants' Motion To Toll Time To Answer During Pendency of Defendants' Motion for Reconsideration Or, in the Alternative, To

013739\0002\12118167.1

1  Extend Time To Answer at ¶ 1.)

2      For the foregoing reasons, Defendants respectfully request that the Court toll the time
3  for Defendants to answer the Complaint until 14 days following the disposition of
4  Defendants' Motion for Reconsideration.

5      **B.**    **In The Alternative, Defendants Request An Extension Of Time To**
6            **Answer the Complaint**

7      In the alternative, if the Court is disinclined to grant Defendants' request to toll the
8  time period to answer the Complaint until after disposition of the Motion for
9  Reconsideration, then Defendants respectfully request the Court extend the time for
10  Defendants to answer the Complaint and set June 9, 2015 (60 days from today, April 10,
11  2015) as the date for Defendants' answer to be filed.  This extension of time is reasonable
12  and appropriate for the following reasons.  First, the Complaint comprises 219 numbered
13  paragraphs of allegations spanning over 90 pages.  (Dkt. No. 105.)  Additionally, the
14  Complaint attaches and incorporates two documents and references statements from
15  numerous alleged confidential informants.  (Dkt. Nos. 105-1, 105-2.)  Due to the
16  Complaint's substantial length, Defendants request additional time to consider and
17  appropriately respond to each of the allegations.  Second, 60 days is a reasonable period of
18  time in which to permit Defendants to answer.  Notably, following Plaintiff's appointment in
19  this case, the Court granted Plaintiff 60 days to file a consolidated amended complaint.
20  Defendants request a comparable length of time.  (Dkt. No. 16.)
21  ///
22  ///
23  ///
24
25
26
27
28

4

013739\0002\12118167.1

## II.     CONCLUSION

For the reasons stated herein, Defendants respectfully request that the Court enter an order tolling the time for Defendants to answer the Complaint until 14 days after the Court's disposition of Defendants' concurrently filed Motion for Reconsideration.  In the alternative, Defendants respectfully request that the Court extend the time for Defendants to answer the Complaint and set June 9, 2015 (60 days from April 10, 2015) as the date for Defendants' answer to be filed.

DATED: April 10, 2015                                         BROWNSTEIN HYATT FARBER SCHRECK, LLP


By: /s/ Jeffrey S. Rugg
    Kirk B. Lenhard (Nevada Bar No. 1437)
    Jeffrey S. Rugg (Nevada Bar No. 10978)
    100 North City Parkway, Suite 1600
    Las Vegas, NV 89106-4614
    Telephone:  (702) 382-2101
    Facsimile:  (702) 382-8135

    STRADLING YOCCA CARLSON & RAUTH, P.C.
    John F. Cannon (admitted *pro hac vice*)
    Jason de Bretteville (admitted *pro hac vice*)
    Aaron C. Humes (admitted *pro hac vice*)
    660 Newport Center Drive Suite 1600
    Newport Beach, CA 92660
    Telephone:  (949) 725-4000
    Facsimile:  (949) 725-4100

*Attorneys for Defendants*
*SPECTRUM PHARMACEUTICALS, INC.,*
*RAJESH C. SHROTRIYA, JOSEPH KENNETH*
*KELLER, and BRETT L. SCOTT*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2015, I electronically filed the foregoing Defendants' Motion To Toll Time To Answer During Pendency of Defendants' Motion for Reconsideration Or, in the Alternative, To Extend Time To Answer and Memorandum of Points and Authorities in Support Thereof with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

LABATON SUCHAROW LLP
Jonathan Gardner
Mark S. Goldman
Angelina Nguyen
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Attorneys for Lead Plaintiff*

THE O'MARA LAW FIRM, P.C.
William M. O'Mara
David C. O'Mara
311 E. Liberty St.
Reno, Nevada 89501
Telephone: (775) 323-1321
Facsimile: (775) 323-4082

*Attorneys for Lead Plaintiff*

By: /s/ Karen Mandall
an Employee of Brownstein Hyatt Farber Schreck, LLP

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Kirk B. Lenhard, Esq., Nevada Bar No. 1437
klenhard@bhfs.com
Jeffrey S. Rugg, Esq., Nevada Bar No. 10978
jrugg@bhfs.com
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: (702) 382-2101
Facsimile: (702) 382-8135

STRADLING YOCCA CARLSON & RAUTH, P.C.
John F. Cannon, Esq. (admitted *pro hac vice*)
Jason de Bretteville, Esq. (admitted *pro hac vice*)
Aaron C. Humes, Esq. (admitted *pro hac vice*)
660 Newport Center Drive Suite 1600
Newport Beach, CA 92660
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

*Attorneys for Defendants*
SPECTRUM PHARMACEUTICALS, INC.,
RAJESH C. SHROTRIYA,
JOSEPH KENNETH KELLER, and
BRETT L. SCOTT

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>SPECTRUM PHARMACEUTICALS, INC., SECURITIES LITIGATION | CASE NO. 2:13-cv-00433-LDG-CWH<br>Base File<br><br>**DECLARATION OF AARON HUMES IN SUPPORT OF DEFENDANTS' MOTION TO TOLL TIME TO ANSWER DURING PENDENCY OF DEFENDANTS' MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, TO EXTEND TIME TO ANSWER** |

I, Aaron Humes, declare as follows:

I am an attorney licensed to practice law in the State of California and am an associate in the law firm of Stradling Yocca Carlson & Rauth, counsel of record for Defendants Spectrum Pharmaceuticals, Inc., Rajesh C. Shrotriya, Joseph Kenneth Keller, and Brett L. Scott (collectively, "Defendants") in the above-captioned action. I am admitted to practice in this particular case pursuant to LR IA 10-2. (*See* Dkt. No. 46.) I submit this declaration in support of Defendants' Motion To Toll Time To Answer During Pendency of Defendants' Motion for Reconsideration Or, in the Alternative, To Extend Time To Answer. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto.

1. On April 9, 2015, I contacted Plaintiff's counsel and asked if they would agree to allow Defendants an extension of time to file an answer until after a ruling on Defendants' Motion for Reconsideration, but as of this filing I have not received a response from Plaintiff's counsel.

Executed on April 10, 2015, in San Francisco, California.

I declare under penalty of perjury under the laws of the United States of America that this declaration is true and correct.

By: _____
Aaron Humes

1