BROWNSTEIN HYATT FARBER SCHRECK, LLP
Kirk B. Lenhard, Esq., Nevada Bar No. 1437
klenhard@bhfs.com
Jeffrey S. Rugg, Esq., Nevada Bar No. 10978
jrugg@bhfs.com
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: (702) 382-2101
Facsimile: (702) 382-8135

STRADLING YOCCA CARLSON & RAUTH, P.C.
John F. Cannon, Esq. (admitted *pro hac vice*)
Jason de Bretteville, Esq. (admitted *pro hac vice*)
Aaron C. Humes, Esq. (admitted *pro hac vice*)
660 Newport Center Drive Suite 1600
Newport Beach, CA 92660
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

*Attorneys for Defendants*
*SPECTRUM PHARMACEUTICALS, INC.,*
*RAJESH C. SHROTRIYA,*
*JOSEPH KENNETH KELLER, and*
*BRETT L. SCOTT*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In Re:<br><br>SPECTRUM PHARMACEUTICALS, INC.,<br>SECURITIES LITIGATION | CASE NO. 2:13-cv-00433-LDG-CWH<br>Base File<br><br>**STIPULATION AND [PROPOSED]**<br>**ORDER GOVERNING**<br>**CONFIDENTIALITY** |

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

**STIPULATION**

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, through their undersigned counsel, that the following provisions of this Stipulation and [Proposed] Order Governing Confidentiality (the "**Order**") shall govern disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers, responses to requests to admit and any other materials and information disclosed or provided in the above-referenced action (the "**Action**").

**1.    ALL INFORMATION TO BE USED ONLY FOR THIS ACTION**

All information produced or disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action and shall not be used for any other purpose.

**2.    DEFINITIONS**

When used in this Order, the term:

(a)    "**Confidential Information**" shall mean all documents and testimony, and all information contained therein, containing:

    (i)    trade secrets or other confidential research, development, financial, proprietary or commercial information that may be subject to a protective order under FRCP 26(c)(1)(G); or

    (ii)   confidential, non-public personal information that is protected from disclosure by statute, regulation or otherwise.

(b)    "**Disclosing Party**" shall refer to any party to this Action and any non-party disclosing or producing Confidential Information in connection with this Action.

(c)    "**Discovery Material**" shall refer to all items or information that are produced or generated in disclosures or responses to discovery in this Action, regardless of the medium or manner in which it was stored, generated or maintained.

(d)    "**document**" shall have the same meaning as provided in Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, all original, written,

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1

recorded, electronic or graphic materials, and all copies, duplicates or abstracts thereof including, but not limited to, notes on documents including information contained therein or derived therefrom.

    (e)    "**Receiving Party**" shall refer to any party to this Action and any non-party that receives Confidential Information.

**3.    DISCLOSURE OF CONFIDENTIAL INFORMATION**

    (a)    Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, a Receiving Party may disclose Confidential Information only to:

    (i)    counsel of record in this Action, as well as counsel's employees to whom it is reasonably necessary to disclose the information in connection with this Action;

    (ii)    the named parties and Court-appointed class representatives including in-house counsel, officers, directors and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    (iii)    experts, consultants or investigators including their staff who have signed the Acknowledgment attached hereto as <u>Exhibit A</u>;

    (iv)    outside photocopying, microfilming or database service providers, trial support firms, graphic production services, litigation support services, and translators engaged by the parties during this Action to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgment attached hereto as <u>Exhibit A</u>;

    (v)    the Court, any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel and jurors;

    (vi)    court reporters and their staff, stenographers or video operators, professional jury or trial consultants, mock jurors and professional vendors to whom disclosure is reasonably necessary for this Action;

    (vii)    during their depositions and deposition preparation, witnesses in the

2

1   Action to whom disclosure is reasonably necessary and who have
2   signed the Acknowledgment attached hereto as <u>Exhibit A</u> (although
3   such individuals shall not be permitted to retain any copies);
4   (viii)   any mediator or arbitrator engaged by the named parties in connection
5   with this Action;
6   (ix)   the author or recipient of a document containing the Confidential
7   Information or a custodian or other person who otherwise possessed or
8   knew the information; and
9   (x)   other persons only after notice to all parties and upon order of the
10   Court, or upon written consent of the Disclosing Party.
11   (b)   Confidential Information shall not be shared with any individual, party, expert
12   witness, consultant, or counsel in any other legal proceeding or action.

### 4. **HIGHLY CONFIDENTIAL DOCUMENTS**

A Disclosing Party may designate "**Highly Confidential Information**" under the terms of this Order if such party in good faith reasonably believes that disclosure of the Highly Confidential Information to persons identified in Paragraph 3(a)(ii) or 3(a)(iv) is substantially likely to cause injury to the Disclosing Party. Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, a Receiving Party may not disclose Highly Confidential Information to persons identified in Paragraph 3(a)(ii) and 3(a)(iv).

### 5. **AFFIXING CONFIDENTIALITY DESIGNATIONS**

Designation of documents or other material as containing Confidential or Highly Confidential Information as set forth in Paragraphs 3 and 4 of this Order may be made at or prior to the time of production of documents by stamping or otherwise affixing the legend "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" on each page deemed Confidential or Highly Confidential, respectively, in a manner that does not interfere with the legibility of the document. When Confidential or Highly Confidential Information is disclosed in a form

1 not appropriate for such placing or affixing, such Confidential or Highly Confidential
2 Information shall be designated as Confidential or Highly Confidential in writing at the time
3 it is delivered to the Receiving Party.

4 **6.    CONFIDENTIAL DEPOSITION TESTIMONY**

5 (a)    A Disclosing Party may designate as Confidential or Highly Confidential any
6 portion of a transcript from a deposition or a transcript from other pretrial or trial
7 proceedings deemed to contain such material.  The Disclosing Party shall advise the court
8 reporter and counsel of record of the testimony containing Confidential or Highly
9 Confidential Information ("**Confidential Testimony**") either orally at the deposition or in
10 writing no later than 30 calendar days after receipt from the court reporter of the final
11 deposition transcript.  During such 30-day period, the parties shall treat the entire transcript
12 as Confidential.  The reporter shall mark CONFIDENTIAL-SUBJECT TO PROTECTIVE
13 ORDER or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" on the face of the
14 transcript at the beginning and end of any portions of Confidential Testimony.  Transcripts
15 containing Confidential Testimony shall have an obvious legend on the title page that the
16 transcript contains Confidential or Highly Confidential Information, and the title page shall
17 be followed by a list of all pages (including line numbers as appropriate) that have been
18 designated as Confidential or Highly Confidential.  At the request of any party, the court
19 reporter shall prepare a separate, original transcript that does not contain the Confidential
20 Testimony.

21 (b)    The use of a document as an exhibit at a deposition shall not in any way affect
22 its designation as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "HIGHLY
23 CONFIDENTIAL-ATTORNEYS' EYES ONLY."

24 **7.    ACKNOWLEDGMENT OF RECEIPT OF ORDER**

25 Each expert, advisor, consultant, fact witness or potential fact witness who receives
26 Confidential or Highly Confidential Information shall be shown a copy of this Order and be
27 advised of its contents.  Each such individual shall execute the written acknowledgement
28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

attached hereto as <u>Exhibit A</u>.

**8.     MAINTENANCE OF CONFIDENTIAL MATERIALS**

Any person or entity in possession of Confidential or Highly Confidential Information shall maintain those materials in a reasonably secure manner, and shall not reveal or discuss such information to or with any person not entitled to receive it, so that the Confidential or Highly Confidential Information is not further disclosed or used in any manner inconsistent with this Order.  The protections conferred by this Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by parties or counsel to or in court or in other settings that might disclose protected material to persons not authorized to receive such material.

**9.     UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Disclosing Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential or Highly Confidential Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the Acknowledgment that is attached hereto as <u>Exhibit A</u>.

**10.    CONFIDENTIAL INFORMATION AND SUBPOENAS**

(a)     If a Receiving Party is served with a subpoena or a court order issued in another litigation or an investigation that compels disclosure of any Confidential or Highly Confidential Information, that Receiving Party must: (i) promptly notify in writing the Disclosing Party and provide it with a copy of the subpoena or court order; (ii) promptly notify in writing the individual or entity who caused the subpoena or order to issue in the other litigation or investigation and provide it with a copy of this Order; and (iii) cooperate

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1  with respect to all reasonable procedures pursued by the Disclosing Party whose Confidential
2  Information may be affected.

3      (b)    The Disclosing Party must notify the Receiving Party within 7 calendar days
4  of receiving the notice and accompanying information if it intends to seek a protective order
5  from the court to avoid disclosure of the Confidential or Highly Confidential Information.  If
6  the Disclosing Party timely seeks a protective order, the Receiving Party served with the
7  subpoena or court order shall not produce any Confidential or Highly Confidential
8  Information before a determination by the court from which the subpoena or order issued,
9  unless the Disclosing Party consents to such production in writing.  The Disclosing Party
10 shall bear the burden and expense of seeking protection of its Confidential or Highly
11 Confidential Information in the court that issued the subpoena or court order.

12     (c)    Nothing in these provisions should be construed as authorizing or encouraging
13 a Receiving Party in this Action to disobey a lawful directive from another court.

14 **11.**    **<u>INADVERTENT FAILURE TO DESIGNATE AS CONFIDENTIAL</u>**

15 Inadvertent failure to designate materials as Confidential or Highly Confidential at
16 the time of production may be remedied by supplemental written notice by the Disclosing
17 Party.  The Disclosing Party must notify the Receiving Party within 30 calendar days after
18 discovering that it inadvertently failed to designate the information as confidential.  If such
19 notice is given, all documents, materials or testimony so designated shall be subject to this
20 Order as if they had been initially designated as Confidential to the extent that such
21 documents, materials or testimony fall within the definition of Confidential or Highly
22 Confidential Information.  Therefore, the Receiving Party should notify any non-party to
23 whom disclosure was made about the confidentiality designation.

24 **12.**    **<u>INADVERTENT PRODUCTION OF PRIVILEGED INFORMATION</u>**

25     (a)    The inadvertent or unintentional production of any Discovery Material shall
26 not serve to waive any claim that such Discovery Material is protected by the attorney-client
27 privilege, the work product doctrine, or any other applicable privilege or immunity for
28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1 withholding production either in the this litigation, or pursuant to Federal Rule of Evidence
2 502(d), in any other federal or state proceeding.  Similarly, the inadvertent or unintentional
3 production of any such Discovery Material shall not waive the Disclosing Party's right to
4 have that Discovery Material returned, subject to the procedures set forth in Fed. R. Civ. P.
5 26(b)(5)(B).
6   (b) In the event that a Disclosing Party believes in good faith that a document
7 subject to attorney-client privilege, work product or other valid privilege or immunity has
8 been produced inadvertently or unintentionally, counsel shall notify all parties within a
9 reasonable time after so learning or discovering that such production has been made.  Upon
10 written notice by the Disclosing Party of an inadvertent or unintentional production of
11 Discovery Material containing such information, each Receiving Party shall make no further
12 use of the Discovery Material other than to challenge the assertions of privilege under Fed.
13 R. Civ. P. 26(b)(5)(B).  If a Receiving Party disclosed the inadvertently or unintentionally
14 produced Discovery Material to a third party prior to receiving notice of a claim of privilege
15 or other inadvertent or unintentional production by the Disclosing Party, that Receiving Party
16 must take reasonable steps to retrieve the information promptly.  The Receiving Party shall
17 have a reasonable amount of time to challenge any claim of privilege, work product
18 protection, inadvertence or otherwise and may present the information or document to the
19 Court under seal for determination of the Disclosing Party's claims.  Nothing in this Order
20 shall alter or waive the standards and burden applicable to any motion concerning privilege
21 or waiver of privilege.  Any copy of such Discovery Material submitted to the Court in
22 connection with the motion shall be filed under seal in accordance with the terms of this
23 Order.
24   (c) If a Receiving Party receives information that the Receiving Party believes is
25 subject to a claim of privilege or protection from discovery, the Receiving Party shall
26 promptly identify the information to the Disclosing Party.
27 **13. <u>CHALLENGING A CONFIDENTIALITY DESIGNATION</u>**
28

1  If a party objects to a designation of Confidential or Highly Confidential Information
2 under this Order, the objecting party shall notify the Disclosing Party in writing.  Within 14
3 calendar days of receipt of such notification, counsel for the disclosing party and the
4 objecting party shall meet and confer in a good faith effort to resolve any disagreement
5 regarding the Disclosing Party's designation of the Confidential or Highly Confidential
6 Information.  If, for whatever reason, the parties do not resolve their disagreement within that
7 time period, the objecting party may, within a reasonable time, file and serve a motion with
8 the Court for resolution of the dispute.  The documents subject to that motion will be treated
9 as Confidential or Highly Confidential until the Court rules.  Nothing in this Order shall be
10 construed as preventing any party from objecting to the designation of any documents as
11 Confidential or Highly Confidential or preventing any party from seeking further protection
12 for any material it produces in discovery.  Nothing herein shall be deemed to change the
13 burdens of proof established by applicable law.
14 **14.     FILING CONFIDENTIAL INFORMATION**
15  Without written permission from the Disclosing Party or a court order secured after
16 appropriate notice to all interested persons, a Receiving Party may not file in the public
17 record in this Action any Confidential or Highly Confidential Information.  However, this
18 Order does not, by itself, authorize the filing of any document under seal.  Any party wishing
19 to file Confidential or Highly Confidential Information in connection with a motion, brief or
20 other submission to the Court must comply with Local Rule of Civil Practice 10-5.
21 **15.     DISPOSING OF CONFIDENTIAL INFORMATION**
22  (a)     Within 30 calendar days after the final disposition of this Action, including
23 any appeals, each Receiving Party must either return all Confidential or Highly Confidential
24 Information to the Disclosing Party or destroy such material, including all copies, abstracts,
25 compilations, summaries, and any other form in which the Confidential Information may
26 have been reproduced or captured.
27  (b)     Whether the Confidential or Highly Confidential Information is returned or
28

8

destroyed, the Receiving Party must submit a written certification to the Disclosing Party by the 30-day deadline that (i) identifies (by category, where appropriate) all the Confidential or Highly Confidential Information that was returned or destroyed and (ii) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Information.

(c) Notwithstanding the above, counsel for the Receiving Party may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product and consultant and expert work product, even if such materials contain Confidential or Highly Confidential Information.  Any such archival copies that contain or constitute Confidential or Highly Confidential Information remain subject to this Order.

**16.     NON-PARTY DOCUMENT PRODUCTIONS**

The parties to this Action may designate information produced by non-parties as Confidential or Highly Confidential as consistent with the terms and provisions of this Order.

**17.     USE OF INFORMATION AT TRIAL**

Prior to trial, the parties shall meet and confer regarding the submission of a joint proposal to the Court with respect to the treatment of Confidential or Highly Confidential Information.

**18.     CONFIDENTIALITY DESIGNATIONS ARE NOT AN ADMISSION**

(a) Nothing in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party or a party opponent.

(b) The parties agree that a designation of information as Confidential or Highly Confidential is not intended to be and shall not be construed as an admission that the Confidential or Highly Confidential Information is relevant, nor subject to an applicable privilege or protection or reasonably calculated to lead to the discovery of admissible evidence.

1     (c) Nothing in this Order shall be deemed an admission that any particular
2 Confidential or Highly Confidential Information is entitled to protection under this Order,
3 Fed. R. Civ. P. 26(c) or any other law.

4 **19.    MISCELLANEOUS**

5     (a) Nothing in this Order shall be construed as limiting a Disclosing Party's use
6 of its own Confidential or Highly Confidential Information.

7     (b) The treatment accorded under this Order shall survive the termination of this
8 Action.

9     (c) This Order shall not prevent any party from applying to the Court for further
10 or additional protective orders, for the modification of this Order, or from agreeing with the
11 other parties to modify this Order, subject to the Court's approval.

DATED: June 4, 2015

STRADLING YOCCA CARLSON & RAUTH, P.C.

By: /s/ Aaron Humes
John F. Cannon (admitted *pro hac vice*)
Jason de Bretteville (admitted *pro hac vice*)
Aaron C. Humes (admitted *pro hac vice*)
660 Newport Center Drive Suite 1600
Newport Beach, CA 92660
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

BROWNSTEIN HYATT FARBER SCHRECK, LLP

Kirk B. Lenhard (Nevada Bar No. 1437)
Jeffrey S. Rugg (Nevada Bar No. 10978)
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: (702) 382-2101
Facsimile: (702) 382-8135

*Attorneys for Defendants*
SPECTRUM PHARMACEUTICALS, INC.,
RAJESH C. SHROTRIYA, JOSEPH KENNETH
KELLER, and BRETT L. SCOTT

| | | |
|---|---|---|
| 1 | DATED: June 4, 2015 | LABATON SUCHAROW LLP |
| 2 | | By: /s/ Jonathan Gardner |
| | | Jonathan Gardner |
| | | Mark S. Goldman |
| | | Angelina Nguyen |
| | | 140 Broadway |
| | | New York, New York 10005 |
| | | Telephone: (212) 907-0700 |
| | | Facsimile: (212) 818-0477 |
| | | |
| | | THE O'MARA LAW FIRM, P.C. |
| | | |
| | | William M. O'Mara |
| | | David C. O'Mara |
| | | 311 E. Liberty St. |
| | | Reno, Nevada 89501 |
| | | Telephone: (775) 323-1321 |
| | | Facsimile: (775) 323-4082 |
| | | |
| | | *Attorneys for Lead Plaintiff* |
| | | *ARKANSAS TEACHER RETIREMENT* |
| | | *SYSTEM* |

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

11

\*   \*   \*

**O R D E R**

IT IS SO ORDERED.

DATED: June 5, 2015

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| In Re: ) | CASE NO. 2:13-cv-00433-LDG-CWH |
| ) | Base File |
| SPECTRUM PHARMACEUTICALS, INC., ) | |
| SECURITIES LITIGATION ) | |
| _____ ) | |

**ACKNOWLEDGEMENT**

I, _____, declare that:

1. I have received a copy of the Stipulation and Order Governing Confidentiality (the "**Order**") in this Action.

2. I have carefully read and understand the provisions of the Order and I agree to abide by its terms.

3. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use for purposes other than for this Action any information designated "Confidential" or "Highly Confidential" that I receive in this Action, except to the extent that such information designated "Confidential" or "Highly Confidential" is or becomes public domain information or otherwise is not deemed "Confidential" or "Highly Confidential" in accordance with the Order.

4. I agree that at the conclusion of the litigation, I will return all confidential information to the party or attorney from whom I received it.

5. I agree to subject myself personally to the jurisdiction of this Court for the purpose of proceedings relating to my performance under, compliance with or violation of the Order.

6. I understand that disclosure of information designated "Confidential" and "Highly Confidential" in violation of the Order may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

_____          _____
Date                                                              Signature

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2015, I electronically filed the foregoing Stipulation and [Proposed] Order Governing Confidentiality with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

LABATON SUCHAROW LLP
Jonathan Gardner
Mark S. Goldman
Angelina Nguyen
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Attorneys for Lead Plaintiff*

THE O'MARA LAW FIRM, P.C.
William M. O'Mara
David C. O'Mara
311 E. Liberty St.
Reno, Nevada 89501
Telephone: (775) 323-1321
Facsimile: (775) 323-4082

*Attorneys for Lead Plaintiff*

By: /s/ Aaron Humes
Aaron Humes, Esq.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101