# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| ──────────────────────── x | : | Case No. 2:13-cv-00433-LDG (CWH) |
|  | : | Base File |
| In re: SPECTRUM PHARMACEUTICALS, | : |  |
| INC., SECURITIES LITIGATION | : | CLASS ACTION |
|  | : |  |
|  | : |  |
| ──────────────────────── x |  |  |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT

WHEREAS, as of November 19, 2015, Arkansas Teacher Retirement System ("Lead Plaintiff" or "ATRS"), on behalf of itself and the Settlement Class (defined below), on the one hand, and Spectrum Pharmaceuticals, Inc. ("Spectrum" or the "Company"), Rajesh C. Shrotriya ("Shrotriya"), Brett L. Scott ("Scott"), and Joseph Kenneth Keller ("Keller") (collectively, "Defendants"), on the other hand, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the claims alleged in the Consolidated Amended Class Action Complaint filed on May 20, 2014 (the "Complaint"), and for dismissal of the Action on the merits and with prejudice (the "Settlement");

WHEREAS, the Parties have made a motion, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action;

WHEREAS, the Court has reviewed and considered the Stipulation and the accompanying exhibits;

WHEREAS, the Parties to the Stipulation have consented to the entry of this order; and

WHEREAS, all capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED, this __26th__ day of _January_____, 2016 that:

1.    The Court has reviewed the Stipulation and preliminarily finds the Settlement set forth therein to be fair, reasonable and adequate, subject to further consideration at the Settlement Hearing described below.

2.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for the purposes of the Settlement only, the Settlement Class of: all persons and entities that purchased or acquired publicly traded Spectrum common stock (including through the exercise of warrants or options) and/or call options, and/or sold publicly traded Spectrum put options, during the period from August 8, 2012 through March 12, 2013, inclusive, and were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) the Defendants; (ii) the officers and directors of Spectrum during the Class Period; (iii) members of the immediate families of the Individual Defendants and the officers and directors of Spectrum during the Class Period; (iv) any entity in which any Defendant has or had a controlling interest; and (v) the legal representatives, heirs, successors, assigns, and affiliates of any such excluded party.  Also excluded from the Settlement Class are any putative Settlement Class Members who properly exclude themselves by submitting a valid and timely request for exclusion in accordance with the requirements set forth below and in the Notice.

3.      Solely for purposes of the Settlement, the Court preliminarily finds that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein, in that:

(a)      the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)      there are questions of law and fact common to the Settlement Class Members;

(c)      the questions of law and fact common to Settlement Class Members predominate over any individual questions;

(d)      the claims of Lead Plaintiff are typical of the Settlement Class's claims;

(e)      Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and

(f)      a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff is certified as Class Representative for the Settlement Class.  The law firm of Labaton Sucharow LLP is appointed Class Counsel for the Settlement Class and The O'Mara Law Firm, P.C. is appointed Liaison Counsel for the Settlement Class.

5.      A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on  Monday, June 13  , 2016, at  10:00   a .m. for the following purposes:

3

(a)     to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate, and should be approved by the Court;

(b)     to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered;

(c)     to determine, for purposes of the Settlement only, whether: the Settlement Class should be finally certified; whether Lead Plaintiff should be finally certified as Class Representative for the Settlement Class; whether the law firm of Labaton Sucharow LLP should be finally appointed as Class Counsel for the Settlement Class; and whether The O'Mara Law Firm, P.C. should be finally appointed as Liaison Counsel for the Settlement Class;

(d)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)     to consider Lead Counsel's application for an award of attorneys' fees and expenses (which may include an application for an award to Lead Plaintiff for reimbursement of its reasonable costs and expenses directly related to its representations of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"));

(f)     to hear any objections by Settlement Class Members to the Settlement; and

(g)     to rule upon such other matters as the Court may deem appropriate.

6.     The Court reserves the right to approve the Settlement with or without further notice to the Settlement Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation

4

or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Settlement Class.

7.      The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

8.      The Court approves the retention of Analytics LLC as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort.  Spectrum, to the extent it has not already done so, shall use its best efforts to obtain and provide to Lead Counsel, or the Claims Administrator, a list in electronic searchable form containing the names and addresses of purchasers of the publicly traded common stock of Spectrum during the Class Period, as identified in the records maintained by Spectrum's transfer agent, no later than five (5) business days after entry of this Preliminary Approval Order.

9.      The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities that purchased or acquired publicly traded Spectrum common stock (including through the exercise of warrants or options) and/or call options, and/or sold publicly traded Spectrum put options, during the Class Period as record owners but not as beneficial owners.  Such nominees SHALL EITHER: (a) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and WITHIN SEVEN (7)

5

CALENDAR DAYS of receipt of those Notices from the Claims Administrator forward them to all such beneficial owners; or (b) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice promptly to such identified beneficial owners.  Nominees who elect to send the Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

10.     Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

11.     The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in *Investor's Business Daily* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.  Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12.     The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and

due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

13.     In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a)     A properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked no later than 120 calendar days after the Notice Date.  Such deadline may be further extended by Court order or by Lead Counsel in its discretion.  Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.  Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 15 of this order.

(b)     The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting

documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

          (c)     As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

     14.    Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

     15.    Settlement Class Members shall be bound by all orders, determinations and judgments in this Action concerning the Settlement, including but not limited to the releases provided for therein, whether favorable or unfavorable, and without regard to whether such Settlement Class Member receives the Notice, executes and delivers a valid Proof of Claim, or receives proceeds from the Settlement Fund, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such

request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *In re Spectrum Pharmaceuticals, Inc., Securities Litigation,* No. 13-00433 (D. Nev.)" and must be signed by such Person.  Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and/or sales of Spectrum publicly traded common stock (including through the exercise of warrants or options), call options, and/or put options during the Class Period.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.     Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17.     The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel: Jonathan Gardner, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005; and Defendants' Counsel: John F. Cannon, Stradling Yocca Carlson & Rauth, P.C., 660 Newport Center Drive, Suite 1600, Newport Beach, CA 92660 and has filed said objections and supporting papers with the Clerk of the Court, United States District Court for the District of Nevada, Lloyd D. George U.S. Courthouse, 333 S. Las Vegas Blvd., Las Vegas, NV 89101.  Any Settlement Class Member who

9

does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.  Attendance at the hearing is not necessary, however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

18.     Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action which asserts Released Claims against the Released Defendant Parties.

19.     As provided in the Stipulation, prior to the Effective Date, Lead Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund without further approval from Defendants and without further order of the Court.

20.     All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

21.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved.  No person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

22.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

23.     Other than the cost of obtaining and providing a list containing the names and addresses of purchasers of the publicly traded common stock of Spectrum during the Class Period, as identified in the records maintained by Spectrum's transfer agent, and the costs and expenses of completing service on the appropriate federal and state government officials of all notices required under the Class Action Fairness Act, 28 U.S.C. § 1715, all fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund and in no event shall any of the Released Defendant Parties bear any further responsibility for such fees, costs or expenses.

24.     The Released Defendant Parties shall have no responsibility for the Plan of Allocation or for any application for attorney's fees or expenses submitted by Lead Counsel or

11

Lead Plaintiff, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

25.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of September 26, 2015.

26.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations, discussions, or proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement may be construed as an admission or concession by the Defendants or any other Released Defendant Parties of the truth of any of the allegations in the Action, or any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal, or administrative, in any court administrative agency or other tribunal, except in connection with any proceeding to enforce the terms of the Settlement.  The Released Defendant Parties and Released Plaintiff Parties may file the Stipulation in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgement bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

27.     All proceedings in the Action remain stayed until further order of this Court, except as are necessary to implement the Settlement or comply with the terms of the Stipulation.

28.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated:  26 January                , 2016    _____

Honorable Lloyd D. George
UNITED STATES DISTRICT JUDGE

13

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ———————————————— | x | |
| | : | Case No. 2:13-cv-00433-LDG (CWH) |
| | : | Base File |
| In re: SPECTRUM PHARMACEUTICALS, | : | |
| INC., SECURITIES LITIGATION | : | CLASS ACTION |
| | : | |
| | : | |
| ———————————————— | x | |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,**
**AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**If you purchased or acquired publicly traded Spectrum common stock (including through the exercise of warrants or options) and/or call options, and/or sold publicly traded Spectrum put options, during the period from August 8, 2012 through March 12, 2013, inclusive (the "Class Period"), and were allegedly damaged thereby, you may be entitled to receive money from a class action settlement.**

*A Federal Court authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

The purpose of this Notice is to inform you of: (a) the pendency of this Action; (b) the proposed settlement of the Action on the terms set forth in the Stipulation and Agreement of Settlement, dated as of November 19, 2015 (the "Stipulation");[1] and (c) the hearing to be held by the Court (the "Settlement Hearing") to consider: (i) whether the Settlement should be approved; (ii) whether the Plan of Allocation for the proceeds of the Settlement should be approved; (iii) the application of Lead Counsel for attorneys' fees and expenses; and (iv) certain other matters. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement or wish to be excluded from the Settlement Class.[2]

> If approved by the Court, the Settlement will create a $7 million cash settlement fund for the benefit of eligible investors, less any attorneys' fees and litigation expenses awarded by the Court, and Notice and Administration Expenses.
>
> The Settlement resolves claims by Arkansas Teacher Retirement System ("Lead Plaintiff" or "ATRS") that have been asserted on behalf of the proposed Settlement Class against Spectrum Pharmaceuticals, Inc. and Rajesh C. Shrotriya, Brett L. Scott, and Joseph Kenneth Keller (the "Individual Defendants" and collectively with Spectrum, "Defendants"); avoids the costs and risks of continuing the litigation; pays money to Settlement Class Members; and releases the Released Defendant Parties (defined below) from liability.
>
> **If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act. Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT |
| :---: |

---

[1]   The Stipulation and all of its exhibits can be viewed at www._____.com and at www.labaton.com.

[2]   All capitalized terms not otherwise defined in this Notice shall have the same meanings as set forth in the Stipulation.

| **SUBMIT A PROOF OF CLAIM FORM BY _____, 2016** | The <u>only</u> way to get a payment. |
|---|---|
| **EXCLUDE YOURSELF BY _____, 2016** | You will get no payment.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Claims.  *See* Question 13 for details. |
| **OBJECT BY _____, 2016** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the Fee and Expense Application.  You will still be a member of the Settlement Class.  *See* Question 18 for details. |
| **GO TO A HEARING ON _____, 2016** | Ask to speak in Court about the Settlement. |
| **DO NOTHING** | You will get no payment, you will give up rights, and you will still be bound by the Settlement. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Settlement Class Members who timely submit a valid Claim Form, if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

## SUMMARY OF THE NOTICE

**<u>Statement of Plaintiffs' Recovery</u>**

Lead Plaintiff has entered into a proposed Settlement with Defendants that, if approved by the Court, will resolve this Action in its entirety.  Pursuant to the Settlement, a Settlement Fund consisting of $7 million in cash, plus any accrued interest, has been established.  Based on Lead Plaintiff's consulting expert's estimate of the number of shares of Spectrum publicly traded common stock entitled to participate in the Settlement, and assuming that all investors entitled to participate do so, Lead Plaintiff estimates that the average recovery, before deduction of Court-approved fees and expenses, such as attorneys' fees, litigation expenses, and administrative

costs, would be approximately $0.26 per allegedly damaged share of common stock.[3]   After deduction of the attorneys' fees and litigation expenses discussed below, the average recovery would be $0.19 per allegedly damaged share of common stock.   A Settlement Class Member's actual recovery will be a portion of the Net Settlement Fund, determined by comparing his, her, or its "Recognized Loss" to the total Recognized Losses of all Settlement Class Members who timely submit valid Claim Forms, as described more fully below.   An individual Settlement Class Member's actual recovery will depend on, for example: (a) the total number of claims submitted; (b) when the Settlement Class Member purchased, acquired, or held Spectrum common stock or call options, and/or sold Spectrum put options during the Class Period; and (c) whether and when the Settlement Class Member sold his, her, or its shares of Spectrum common stock, call options, and/or put options.   *See* the Plan of Allocation beginning on page [__] for information on your Recognized Loss.

**Statement of Potential Outcome of Case**

The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiff were to prevail on each claim asserted against Defendants.   The issues on which the Parties disagree include, for example: (a) whether the Defendants made any statements or omissions that were materially false or misleading or otherwise actionable under the federal securities laws; (b) whether the allegedly materially false or misleading statements made by Defendants, if any, were made with the requisite level of intent or recklessness; (c) the amount by which the prices of Spectrum's common stock and call options were allegedly artificially inflated (or deflated in the case of put options), if at all, during the Class Period; (d) the appropriate economic models for measuring damages; and (e) the extent

---

[3]   An allegedly damaged share might have been traded more than once during the Class Period, and the average recovery indicated above represents the estimated average for each purchase of a share that allegedly incurred damages.

to which external factors, such as general market, economic and industry conditions, or unusual levels of volatility, influenced the trading prices of Spectrum common stock or options at various times during the Class Period.

Defendants have denied and continue to deny any wrongdoing, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Settlement Class have suffered any loss attributable to Defendants' actions. While Lead Plaintiff believes it has meritorious claims, it recognizes that there are significant obstacles in the way to recovery.

**Statement of Attorneys' Fees and Expenses Sought**

Lead Counsel, on behalf of Plaintiffs' Counsel, will make an application to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund, which includes any interest earned on such amount at the same rate and for the same period as earned by the Settlement Fund.  Lead Counsel will also apply for payment of litigation expenses incurred in prosecuting the Action in an amount not to exceed $125,000, plus any interest earned on such amount at the same rate as earned by the Settlement Fund.  Lead Counsel's Fee and Expense Application may include a request for an award to Lead Plaintiff for reimbursement of its reasonable costs and expenses, including lost wages, directly related to its representation of the Settlement Class in an amount not to exceed $10,000.  If the Court approves the Fee and Expense Application in full, the average amount of fees and expenses, assuming all claims are filed for all allegedly damaged shares, will be approximately $0.07 per allegedly damaged share of Spectrum common stock.

**Further Information**

Further information regarding this Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: _____; or Lead

Counsel: Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, or settlementquestions@labaton.com.

**Please Do Not Call the Court With Questions About the Settlement**

**Reasons for the Settlement**

For Lead Plaintiff, the principal reason for the Settlement is the immediate benefit to the Settlement Class.  This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the uncertainty of having a class certified; the risk that the Court may grant, in whole or in part, some or all of the anticipated motions for summary judgment to be filed by Defendants; the uncertainty inherent in the Parties' various and competing theories of liability, loss causation and damages; the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation (including any appeals).

For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that any Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to bring to an end the burden, expense, uncertainty, and risk of further litigation.

[END OF PSLRA COVER PAGE]
**BASIC INFORMATION**

| 1.  Why did I get this Notice? |
| --- |

The Court authorized that this Notice be sent to you because you or someone in your family may have purchased or acquired publicly traded Spectrum common stock (including through the exercise of warrants or options) and/or call options, and/or sold publicly traded Spectrum put options, during the period from August 8, 2012 through March 12, 2013, inclusive, and were allegedly damaged thereby.

The Court directed that this Notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.  If the Court approves

the Settlement, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

The Court in charge of the Action is the United States District Court for the District of Nevada, and the case is known as *In re: Spectrum Pharmaceuticals, Inc., Securities Litigation,* No. 2:13-cv-00433-LDG (CWH). The Action is assigned to the Honorable Lloyd D. George, United States District Judge.

The people who have sued are called plaintiffs, and the company and persons they have sued are called defendants. Lead Plaintiff in the Action, ATRS, represents the Settlement Class. Defendants are Spectrum, Rajesh C. Shrotriya, Brett L. Scott, and Joseph Kenneth Keller.

This Notice explains the lawsuit, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

| **2.  What is this lawsuit about?** |
| --- |

Spectrum is a biotechnology company with a focus on oncology and hematology drugs, including FUSILEV ("Fusilev"), an injectable drug that is used as part of chemotherapy treatment. Lead Plaintiff alleges that during the Class Period defendants made false and misleading statements about the prospects for Fusilev sales, which allegedly inflated the trading price of Spectrum's stock. Lead Plaintiff alleges that on March 12, 2013, after the market closed, Spectrum issued a press release announcing that it anticipated a change in ordering patterns of Fusilev distributors, and that this revelation caused the company's stock price to decline.

Beginning in March of 2013, five securities class action complaints were filed alleging that Defendants violated federal securities laws. The actions were consolidated into this Action by Orders dated May 8 and May 21, 2013. By Order dated March 20, 2014, the Court appointed

ATRS as Lead Plaintiff and approved Lead Plaintiff's selection of Labaton Sucharow LLP as Lead Counsel to represent the proposed class.

On May 20, 2014, Lead Plaintiff filed the Consolidated Amended Class Action Complaint (the "Complaint") asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 against Defendants.  The Complaint alleges, among other things, that Defendants made false and misleading statements that (a) despite the increasing availability of generic leucovorin starting in the summer of 2012, Fusilev sales and end-user demand had remained stable, and internal data supported that doctors continued to order Fusilev even knowing that generic leucovorin was available; (b) the number of accounts ordering Fusilev continued to increase during 2012 and re-order rates were also up; and (c) contrary to speculation that Spectrum was being forced to heavily discount Fusilev to keep physicians interested, Fusilev's sales price was actually increasing.

On July 18, 2014, Defendants filed a motion to dismiss the Complaint, which Lead Plaintiff opposed on September 19, 2014.  On March 26, 2015, the Court issued an Order denying Defendants' motion.  Defendants filed a motion for reconsideration of the Court's Order on April 10, 2015, which Lead Plaintiff opposed on April 24, 2015.  Defendants filed a reply brief on May 1, 2015 and on May 11, 2015, the Court denied Defendants' motion.  On May 26, 2015, Defendants filed an Answer denying all allegations of wrongdoing and asserting various defenses.

On June 4, 2015, the Parties filed a joint stipulation and proposed order to stay all proceedings pending the outcome of mediated settlement discussions between the Parties.  On June 15, 2015, the Court issued an Order granting the joint stipulation and staying all proceedings.

Defendants and Lead Plaintiff engaged Mr. Jed D. Melnick, Esq., a well-respected and highly experienced mediator, to assist them in exploring a potential negotiated resolution of the claims in the Action.  On August 10, 2015, Lead Plaintiff, Defendants and certain of Defendants' insurers met with Mr. Melnick in an attempt to reach a settlement.  The mediation involved an extended effort to settle the claims and was preceded by the exchange of mediation statements.  Following lengthy, arm's-length, and mediated negotiations under the auspices of Mr. Melnick, Defendants and Lead Plaintiff accepted a mediator's proposal concerning a settlement on September 27, 2015.

On _____, 2015, the Court entered the Preliminary Approval Order, authorizing that this Notice be sent to potential Settlement Class Members and scheduling the Settlement Hearing to consider whether to grant final approval to the Settlement, among other things.

| **3.  Why is this a class action?** |
| --- |

In a class action, one or more persons or entities (in this case, Lead Plaintiff), sue on behalf of people and entities who have similar claims.  Together, these people and entities are a "class," and each is a "class member."  Bringing a case, such as this one, as a class action allows the adjudication of many similar claims of persons and entities that might be economically too small to bring as individual actions.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.  In this Action, the Court has appointed ATRS to serve as Lead Plaintiff and has appointed Labaton Sucharow LLP to serve as Lead Counsel.

| **4.  What are the reasons for the Settlement?** |
| --- |

The Court did not finally decide in favor of Lead Plaintiff or Defendants.  Instead, both sides agreed to a settlement.

Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit. Lead Plaintiff and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims in the Action through trial and appeals, as well as the difficulties in establishing liability. Lead Plaintiff and Lead Counsel have considered the uncertain outcome and the risk of any litigation, especially in complex lawsuits like this one, as well as the difficulties and delays inherent in such litigation. For example, Defendants have raised a number of arguments and defenses (which they would raise at summary judgment and trial) that Defendants did not make false and misleading statements in violation of federal securities law and that Lead Plaintiff would not be able to establish that Defendants acted with the requisite fraudulent intent. In the absence of a settlement, the Parties would present factual and expert testimony on each of these issues, and there is considerable risk that the Court or jury would resolve these issues unfavorably against Lead Plaintiff and the Settlement Class. In light of the Settlement and the immediate recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.

Defendants have denied and continue to deny any wrongdoing and deny that they have committed any act or omission giving rise to any liability or violation of law. Defendants deny the allegations that they knowingly, or otherwise, made any material misstatements or omissions; that any member of the Settlement Class has suffered damages; that the prices of Spectrum common stock or call options were artificially inflated (or deflated in the case of put options) by reason of the alleged misrepresentations, omissions or otherwise; or that members of the Settlement Class were harmed by the conduct alleged in the Complaint. Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiff on behalf of the Settlement Class and maintain that they have meritorious defenses to all claims alleged in the

- 9 -

Complaint.  Nonetheless, Defendants have concluded that continuation of the Action would be

protracted and expensive, and have taken into account the uncertainty and risks inherent in any

litigation, and believe that the Settlement set forth in the Stipulation is in the best interests of

Defendants.

**WHO IS IN THE SETTLEMENT**

To be eligible for a payment from the proceeds of the Settlement, you must be a

Settlement Class Member.

**5.  How do I know if I am part of the Settlement Class?**

The Court has directed, for the purpose of the proposed Settlement, that everyone who

fits this description is a Settlement Class Member and subject to the Settlement, unless they are

an excluded person (*see* Question 6 below) or take steps to exclude themselves (*see* Question 13

below):

> All persons and entities that purchased or acquired publicly traded Spectrum
> common stock (including through the exercise of warrants or options) and/or call
> options, and/or sold publicly traded Spectrum put options, during the period from
> August 8, 2012 through March 12, 2013, inclusive, and were allegedly damaged
> thereby.

If one of your mutual funds purchased Spectrum securities during the Class Period, that

alone does not make you a Settlement Class Member.  You are a Settlement Class Member only

if you individually purchased or acquired publicly traded Spectrum common stock (including

through the exercise of warrants or options) and/or call options, and/or sold publicly traded

Spectrum put options during the Class Period.  Check your investment records or contact your

broker to see if you have any eligible purchases, acquisitions, or sales.

**6.  Are there exceptions to being included?**

Yes.  There are some people who are excluded from the Settlement Class by definition.

Excluded from the Settlement Class are:  (i) the Defendants; (ii) the officers and directors of

- 10 -

Spectrum during the Class Period; (iii) members of the immediate families of the Individual Defendants and the officers and directors of Spectrum during the Class Period; (iv) any entity in which any Defendant has or had a controlling interest; (v) the legal representatives, heirs, successors, assigns, and affiliates of any such excluded party. Also excluded from the Settlement Class is anyone who timely and validly seeks exclusion from the Settlement Class in accordance with the procedures set forth in Question 13 below.

| 7.  What if I am still not sure if I am included? |
| --- |

If you are still not sure whether you are included in the Settlement, you can ask for free help. You can call the Claims Administrator toll-free at (___) _____, send an e-mail to the Claims Administrator at _____, or write to the Claims Administrator at *Spectrum Pharmaceuticals, Inc., Securities Litigation*, c/o Analytics LLC, ____. Or you can fill out and return the Claim Form described in Question 10, to see if you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

| 8.  What does the Settlement provide? |
| --- |

In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties, Defendants have agreed to create a Seven Million Dollar ($7,000,000.00) cash fund, which will earn interest, to be distributed, after deduction of Court-approved attorneys' fees and expenses, settlement administration costs, and any applicable Taxes (the "Net Settlement Fund") among all Settlement Class Members who submit valid Claim Forms and are found by the Court to be entitled to a distribution from the Net Settlement Fund ("Authorized Claimants").

| 9.  How much will my payment be? |
| --- |

If you are an Authorized Claimant entitled to a payment, your share of the Net Settlement Fund will depend on several things, including, how many Settlement Class Members timely send in valid Claim Forms; the number of shares of common stock or number of call options purchased or acquired, or put options sold; the prices and dates of those purchases; and the prices and dates of any sales of the stock or options.

You can calculate your Recognized Loss in accordance with the formulas shown below in the Plan of Allocation.   It is unlikely that you will receive a payment for all of your Recognized Loss.  *See* the Plan of Allocation of Net Settlement Fund on pages___ for more information on your Recognized Loss.

### HOW TO RECEIVE A PAYMENT: SUBMITTING A PROOF OF CLAIM FORM

| 10.  How can I receive a payment? |
|---|

To qualify for a payment, you must submit a timely and valid Claim Form.  A Claim Form is included with this Notice.  If you did not receive a Claim Form, you can obtain one on the Internet at the websites for the Claims Administrator: www._____, or Lead Counsel: www.labaton.com.  You can also ask for a Claim Form by calling the Claims Administrator toll-free at (___) _____.

Please read the instructions carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than _____, 2016.**

| 11.  When will I receive my payment? |
|---|

The Court will hold a Settlement Hearing on _____, **2016** to decide, among other things, whether to finally approve the Settlement.  Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year.  It

also takes a long time for all of the Claim Forms to be accurately reviewed and processed. Please be patient.

---

**12.  What am I giving up to receive a payment or stay in the Settlement Class?**

---

Unless you exclude yourself, you are staying in the Settlement Class, and that means that, upon the "Effective Date," you will release all "Released Claims" against the "Released Defendant Parties."

**"Released Claims"** means any and all claims, debts, demands, controversies, obligations, losses, rights or causes of action or liabilities of every nature and description, including both known claims and Unknown Claims (defined below), whether arising under federal, state, common or foreign law, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, that Lead Plaintiff or any other Settlement Class Member (i) asserted in the Action; or (ii) could have asserted in the Action, or any other action, or in any forum, that arise out of, relate to or are based upon both (a) the facts, matters, allegations, transactions, events, disclosures, representations, statements, acts, or omissions or failures to act that were alleged or that could have been alleged in the Action against the Released Defendant Parties, and (b) the purchase or acquisition of publicly traded Spectrum common stock (including through the exercise of warrants or options) and/or call options, and/or the sale of publicly traded Spectrum put options, by the Settlement Class Member during the Class Period.  The Released Claims further include all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, that could have been asserted against the Released Defendant Parties that arise out of or relate in any way to the litigation, defense, or settlement of the claims in the Action.  For the avoidance of doubt, Released Claims do not include (i) claims

- 13 -

relating to the enforcement of the Settlement; (ii) any governmental or regulatory agency's claims in any criminal or civil action against any of the Released Defendant Parties, or right to recover therefrom; and (iii) claims in *Timothy Fik v. Rajesh C. Shrotriya, et al.*, No. 2:2013-cv-00624-JCM-CWH (D. Nev.), *Christopher J. Watkins v. Rajesh C. Shrotriya, et al.*, No. 2:2013-cv-00684-JCM-VCF (D. Nev.), *Stefan Muenchhagen v. Rajesh C. Shrotriya, et al.*, No. 2:2013-cv-00942-APG-PAL (D. Nev.), *Hardik Kakadia v. Rajesh C. Shrotriya, et al.*, No. A-13-680643-B (Nev. Dist. Ct. 8th), and *Joel Besner v. Rajesh C. Shrotriya, et al.*, No. A-13-682668-C (Nev. Dist. Ct. 8th).

**"Released Defendant Parties"** means Defendants, Defendants' Counsel, and each of their respective past or present subsidiaries, parents, general or limited partnerships, limited liability companies, affiliates, divisions, principals, accountants, advisors, successors and predecessors, assigns, officers, directors, shareholders, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, auditors, insurers, co-insurers, or re-insurers; the spouses, members of the immediate families, representatives, and heirs of the Individual Defendants, as well as any trust of which any Individual Defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest or assigns of Defendants.

"**Unknown Claims**" means any and all Released Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of

the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiff and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes final and not subject to appeal.

If you remain a member of the Settlement Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Claims, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself or "opting out."  **Please note:** if you decide to exclude yourself, there is a risk that any lawsuit you may thereafter file to pursue claims alleged in the Action may be dismissed, including if such suit is not filed within the applicable time periods required for filing suit.  Also, Spectrum may terminate the Settlement if Settlement Class Members who purchased or acquired in excess of a certain number of shares of Spectrum publicly traded common stock seek exclusion from the Settlement Class.

| 13. How do I exclude myself from the Settlement Class? |
| --- |

To exclude yourself from the Settlement Class, you must mail a signed letter stating that you "wish to be excluded from the Settlement Class in *In re: Spectrum Pharmaceuticals, Inc., Securities Litigation,* No. 2:13-cv-00433-LDG (CWH) (D. Nev.)."  You cannot exclude yourself by telephone or e-mail.  Your letter must state the date(s), price(s), and number(s) of shares of publicly traded Spectrum common stock, Spectrum call options, and/or Spectrum put options purchased, acquired, or sold during the Class Period.  Your letter must include your name, mailing address, telephone number, e-mail address, and your signature.  You must submit your exclusion request so that it is **received no later than _____, 2016** to:

- 16 -

*Spectrum Pharmaceuticals, Inc., Securities Litigation*
c/o Analytics LLC
_____
_____

Your exclusion request must comply with these requirements in order to be valid.  If you ask to be excluded, you will not receive any payment from the Net Settlement Fund, and you cannot object to the Settlement.  Moreover, if you submit a valid exclusion request, you will not be legally bound by anything that happens in connection with this Settlement, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

| **14.** | **If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same thing later?** |
|---|---|

No.  Unless you properly exclude yourself, you remain in the Settlement Class and you give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Claims.  If you do not exclude yourself, you will <u>not</u> be entitled to receive any recovery <u>in any other action</u> against any of the Released Defendant Parties based on or arising out of the Released Claims.   If you have a pending lawsuit, **speak to your lawyer in that case immediately**.   You must exclude yourself from this Settlement Class to continue your own lawsuit.  Remember, the exclusion deadline is _____, **2016.**

| **15.  If I exclude myself, can I get money from the proposed Settlement?** |
|---|

No.  If you exclude yourself, do not send in a Claim Form to ask for any money.  But, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against Defendants and the other Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

**16.  Do I have a lawyer in this case?**

The Court appointed the law firm of Labaton Sucharow LLP to represent all Settlement Class Members.  These lawyers are called Lead Counsel.  You will not be separately charged for these lawyers.  The Court will determine the amount of Plaintiffs' Counsel's fees and expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.  How will the lawyers be paid?**

Plaintiffs' Counsel have not been paid for any of their work.  Lead Counsel will ask the Court to award them, on behalf of all Plaintiffs' Counsel, attorneys' fees of no more than 25% of the Settlement Fund, which includes interest on such fees at the same rate as earned by the Settlement Fund.  Lead Counsel will also seek payment of litigation expenses incurred by Plaintiffs' Counsel in connection with the prosecution of this Action of no more than $125,000, plus interest on such expenses at the same rate as earned by the Settlement Fund.  Lead Plaintiff may also apply for reimbursement of its expenses in representing the Settlement Class in an amount not to exceed $10,000.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

**18.  How do I tell the Court that I do not like something about the proposed Settlement?**

If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or the Fee and Expense Application.  You may give reasons why you think the Court should not approve any or all of the Settlement terms or arrangements.  If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

- 18 -

To object, you must send a signed letter stating that you object to the proposed Settlement in "*In re Spectrum Pharmaceuticals, Inc., Securities Litigation,* No. 2:13-cv-00433-LDG (CWH) (D. Nev.)." You must include your name, address, telephone number, e-mail address, and signature; identify the date(s), price(s), and number(s) of shares of publicly traded Spectrum common stock, Spectrum call options, and/or Spectrum put options purchased, acquired, sold, or held during the Class Period; and state the reasons why you object, which part(s) of the Settlement you object to and include any legal support and/or evidence, including witnesses that support your objection. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described herein will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application. Your objection must be filed with the Court **and** mailed or delivered to the following counsel so that it is **received no later than** _____, 2016:

| **Court** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| Clerk of the Court | **LABATON SUCHAROW LLP** | **STRADLING YOCCA** |
| United States District Court | Jonathan Gardner, Esq. | **CARLSON & RAUTH P.C.** |
| District of Nevada | 140 Broadway | John F. Cannon, Esq. |
| Lloyd D. George U.S. | New York, NY 10005 | 660 Newport Center Drive |
| Courthouse | | Suite 1600 |
| 333 Las Vegas Boulevard | | Newport Beach, CA 92660 |
| South | | |
| Las Vegas, NV 89101 | | |

You do not need to attend the Settlement Hearing to have your written objection considered by the Court. Any Settlement Class Member who has not submitted a request for exclusion from the Settlement Class and who has complied with the procedures set out in this Question 18 and below in Question 22 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court, about any objection to the Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application. Any such objector may appear in person or

arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

| **19.  What is the difference between objecting and seeking exclusion?** |

Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Fee and Expense Application.  You can still recover from the Settlement.  You can object *only* if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## THE SETTLEMENT HEARING

| **20.  When and where will the Court decide whether to approve the proposed Settlement?** |

The Court will hold the Settlement Hearing on  June 13     **, 2016 at** 10:00 **a.m**., in Courtroom  6B  of the Lloyd D. George U.S. Courthouse, 333 Las Vegas Boulevard South, Las Vegas, NV 89101.

At this hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate and should be finally approved; (b) the Plan of Allocation is fair, reasonable and adequate and should be approved; and (c) the application of Lead Counsel for an award of attorneys' fees and payment of litigation expenses, including those of Lead Plaintiff, is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 18.  We do not know how long it will take the Court to make these decisions.

You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed.

**21.  Do I have to come to the Settlement Hearing?**

No.  Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, you do not have to come to Court to discuss it.  You may also pay your own lawyer to attend, but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 22 below.

**22.  May I speak at the Settlement Hearing?**

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* Question 18) a statement that it is your intention to appear in "*In re: Spectrum Pharmaceuticals, Inc., Securities Litigation,* No. 2:13-cv-00433-LDF (CWH) (D. Nev.)."  Persons who intend to object to the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application and desire to present evidence at the Settlement Hearing must also include in their objections (prepared and submitted in accordance with the answer to Question 18 above) the identity of any witness they may wish to call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of your objection and intention to speak at the Settlement Hearing in accordance with the procedures described in Questions 18 and 22.

**IF YOU DO NOTHING**

**23.  What happens if I do nothing at all?**

If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant

Parties concerning the Released Claims.  To share in the Net Settlement Fund, you must submit a

Claim Form (*see* Question 10).  To start, continue or be a part of any other lawsuit against

Defendants and the other Released Defendant Parties concerning the Released Claims in this

case, you must exclude yourself from the Settlement Class (*see* Question 13).

## GETTING MORE INFORMATION

| **24.  Are there more details about the Settlement?** |
|---|

This Notice summarizes the proposed Settlement.  More details are in the Stipulation.

You may review the Stipulation filed with the Court or documents in the case during business

hours at the Office of the Clerk of the United States District Court, District of Nevada, Lloyd D.

George U.S. Courthouse, 333 Las Vegas Boulevard South, Las Vegas, NV 89101.  Subscribers

to PACER, a fee-based service, can also view the papers filed publicly in the Action through the

Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

You can also get a copy of the Stipulation by calling the Claims Administrator toll free at

(___) _____; writing to the Claims Administrator at *Spectrum Pharmaceuticals, Inc.,*

*Securities Litigation,* c/o Analytics LLC; or visiting the websites of the Claims Administrator or

Lead Counsel at www._____, or www.labaton.com, where you will find answers to common

questions about the Settlement, can download copies of the Stipulation or Claim Form, and

locate other information about the Settlement and whether you are eligible for a payment.  **Please**

**do not Call the Court with Questions about the Settlement.**

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

| **24.  How will my claim be calculated?** |
|---|

As discussed above, the Settlement provides $7 million in cash for the benefit of the

Settlement Class.  The Settlement Amount and the interest earned thereon is the Settlement

Fund.  The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses,

- 22 -

Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the Net Settlement Fund. The Net Settlement Fund will be distributed to Authorized Claimants – *i.e.*, members of the Settlement Class who timely submit valid Proofs of Claim that show a Recognized Loss and are approved by the Court. Settlement Class Members who do not timely submit valid Proofs of Claim will not share in the Settlement proceeds, but will otherwise be bound by the terms of the Settlement. The Court may approve this Plan of Allocation ("Plan of Allocation" or "Plan"), or modify it, without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the settlement website at: _____ and at www.labaton.com.

The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who allegedly suffered economic losses as a result of the alleged violations of the federal securities laws, as opposed to losses caused by market or industry factors or Company-specific factors unrelated to the alleged violations of law. For purposes of determining the amount an Authorized Claimant may recover under this Plan, Lead Counsel have conferred with a consulting damages expert. This Plan is intended to be generally consistent with an assessment of, among other things, the damages that Lead Counsel and Lead Plaintiff believe may have been recoverable in the Action.

For losses to be compensable under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. In this case, Lead Plaintiff alleges that Defendants issued false statements and omitted material facts during the Class Period, which allegedly inflated the prices of Spectrum publicly traded common stock and/or call options (or deflated the prices of its put options). In order for the Authorized Claimant to share in the distribution of the Net Settlement Fund, the market price of a Spectrum publicly traded common stock share and/or call option must have declined (or

- 23 -

increased in the case of put options) due to disclosure of the alleged false and misleading statements and omissions.  In order for an Authorized Claimant to share in the distribution, the shares of the Spectrum publicly traded common stock and/or call options must have been purchased during the Class Period (or sold in the case of put options) and held until at least until the close of trading on March 12, 2013 (the last trading day before the alleged corrective disclosure); and the Authorized Claimant must have suffered a Net Trading Loss, as described below.

The formulas described below for calculating Recognized Losses are not intended to estimate the amount that will actually be paid to Authorized Claimants.  Rather, these formulas provide the basis on which the Net Settlement Fund will be distributed on a *pro rata* basis among Authorized Claimants.  An Authorized Claimant's Recognized Loss shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Loss divided by the total of the Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim. Lead Plaintiff, Plaintiffs' Counsel, and their agents, likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

## A.    <u>Eligible Securities</u>

The Spectrum securities for which a claimant may be entitled to receive a distribution from the Net Settlement Fund consist of the publicly traded common stock of Spectrum and

publicly traded call and put options[4] on Spectrum common stock.  Options are traded in units called "contracts."  Each option contract entitles the holder to 100 shares of the underlying stock upon exercise or expiration, in this case of Spectrum common stock.  At least 95% of the Net Settlement Fund will be allocated to purchases of Spectrum common stock and no more than 5% will be allocated to Spectrum options on the common stock.

**B.**    **Calculation of Recognized Loss**

Based on the foregoing, and for purposes of this Settlement only, Recognized Loss will be calculated as follows:

**1.**    **Publicly Traded Common Stock**

For each share of Spectrum publicly traded common stock purchased or otherwise acquired (including through the exercise of warrants or options) from August 8, 2012 through March 12, 2013, inclusive, and:

a.    sold before March 13, 2013, the Recognized Loss per share is zero.

b.    sold on March 13, 2013, the Recognized Loss per share is the lesser of:

i.    $4.63 per share; or

ii.    the purchase price per share minus the sales price per share.

c.    retained beyond March 13, 2013 but sold before June 11, 2013, the Recognized Loss per share is the lesser of:

i.    $4.63 per share; or

ii.    the difference between the purchase price and the sales price; or

iii.    the purchase price per share minus the price per share identified in Table 1 (below) for the date the share(s) were sold.

d.    retained on June 11, 2013, the Recognized Loss per share is the lesser of:

i.    $4.63 per share; or

---

[4]    Excludes those options that expired before March 13, 2013, the date of the price reaction to the alleged corrective disclosure.

      ii.      the difference between the purchase price per share and $7.58 per share.[5]

### 2.      Publicly Traded Call Options

For publicly traded call options on Spectrum common stock purchased or otherwise acquired from August 8, 2012 through March 12, 2013, inclusive, and:

      a.      closed (through sale, exercise or expiration) before March 12, 2013, the Recognized Loss per call option is zero; or

      b.      held at the end of March 12, 2013, the Recognized Loss per call option is the difference between the price paid for the call option minus the proceeds received upon the settlement of the call option contract.

For publicly traded call options on Spectrum common stock written from August 8, 2012 through March 12, 2013, inclusive, the Recognized Loss per call option is zero.

### 3.      Publicly Traded Put Options

For publicly traded put options on Spectrum common stock written from August 8, 2012 through March 12, 2013, inclusive, and:

      a.      closed (through purchase, assignment, or expiration) prior to March 12, 2013, the Recognized Loss per put option is zero;   or

      b.      held at the end of March 12, 2013, the Recognized Loss per put option is the difference between the price paid upon settlement of the put option contract minus the initial proceeds received upon the sale of the put option contract.

For publicly traded put options on Spectrum common stock purchased or otherwise acquired from August 8, 2012 through March 12, 2013, inclusive, the Recognized Loss per put option is zero.

---

[5]      Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." $7.58 was the mean (average) daily closing trading price of Spectrum common stock during the 90-day period beginning on March 13, 2013 and ending on June 11, 2013.

## C.  **Additional Provisions**

If a Class Member held eligible Spectrum securities at the beginning of the Class Period or made multiple purchases, acquisitions or sales of eligible Spectrum securities during or after the Class Period, the starting point for calculating a claimant's Recognized Loss is to match the claimant's holdings, purchases and acquisitions to their sales using the FIFO (*i.e.*, first-in-first-out) method.  Under the FIFO method, eligible securities sold during the Class Period will be matched, in chronological order, first against eligible securities held at the beginning of the Class Period.  The remaining sales of eligible securities during the Class Period will then be matched, in chronological order, against eligible securities purchased or acquired during the Class Period.

Purchases or acquisitions and sales of eligible Spectrum securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of eligible securities during the Class Period shall not be deemed a purchase, acquisition or sale of eligible securities for the calculation of Recognized Loss, unless (i) the donor or decedent purchased or otherwise acquired such shares of eligible securities during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of eligible securities; and (iii) it is specifically so provided in the instrument of gift or assignment.  Any claimant that sold Spectrum common stock "short" will have no Recognized Loss with respect to such purchase during the Class Period to cover said short sale.

The Claims Administrator will determine if a claimant had an overall market gain or loss with respect to his, her, or its overall transactions in eligible Spectrum securities during the Class Period.  For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount  and (ii) the sum of the Sales Proceeds and the

Holding Value.[6]  This difference will be deemed a claimant's overall market gain or loss with respect to his, her or its transactions in eligible Spectrum securities.  If a claimant has an overall market gain, the claimant's total Recognized Loss will be zero.  To the extent that a claimant suffered an overall market loss, but that market loss was less than the total of all Recognized Loss Amounts calculated above, then the claimant's total Recognized Loss shall be limited to the amount of the overall market loss.

The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

Payment according to this Plan of Allocation will be deemed conclusive against all Authorized Claimants.  Recognized Losses will be calculated as defined herein by the Claims Administrator and cannot be less than zero.

Distributions to eligible Authorized Claimants will be made after all claims have been processed and after the Court has approved the Claims Administrator's determinations.  After an initial distribution of the Net Settlement Fund, if there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Lead Counsel

---

[6]  The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for all eligible Spectrum securities purchased or acquired during the Class Period.

The "Sales Proceeds" is the total amount received for eligible Spectrum securities sold during the Class Period.  The proceeds of sales matched to a Claimant's opening position will not be considered for purposes of calculating market gains or losses.

The Claims Administrator shall ascribe a "Holding Value" of $7.58 to each eligible Spectrum security purchased or acquired during the Class Period that was still held as of the close of trading on March 12, 2013.

shall, if feasible and economical, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, shall be contributed to non-sectarian, not-for-profit charitable organization(s) serving the public interest, designated by Lead Plaintiff and approved by the Court.

Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the District of Nevada with respect to his, her, or its claim.

## TABLE 1

**Spectrum Common Stock Closing Price and Average Closing Price**
**March 13, 2013 – June 11, 2013**

| Date | Closing Price | Average Closing Price Between March 13, 2013 and Date Shown | Date | Closing Price | Average Closing Price Between March 13, 2013 and Date Shown |
|---|---|---|---|---|---|
| 3/13/2013 | $7.79 | $7.79 | 4/29/2013 | $7.37 | $7.27 |
| 3/14/2013 | $7.81 | $7.80 | 4/30/2013 | $7.41 | $7.27 |
| 3/15/2013 | $7.76 | $7.79 | 5/1/2013 | $7.10 | $7.27 |
| 3/18/2013 | $7.62 | $7.75 | 5/2/2013 | $7.16 | $7.27 |
| 3/19/2013 | $7.25 | $7.65 | 5/3/2013 | $7.23 | $7.26 |
| 3/20/2013 | $7.01 | $7.54 | 5/6/2013 | $7.47 | $7.27 |
| 3/21/2013 | $7.06 | $7.47 | 5/7/2013 | $7.53 | $7.28 |
| 3/22/2013 | $7.06 | $7.42 | 5/8/2013 | $7.53 | $7.28 |
| 3/25/2013 | $7.27 | $7.40 | 5/9/2013 | $7.40 | $7.29 |
| 3/26/2013 | $7.51 | $7.41 | 5/10/2013 | $7.60 | $7.29 |
| 3/27/2013 | $7.46 | $7.42 | 5/13/2013 | $7.86 | $7.31 |
| 3/28/2013 | $7.46 | $7.42 | 5/14/2013 | $8.06 | $7.32 |
| 4/1/2013 | $7.29 | $7.41 | 5/15/2013 | $7.97 | $7.34 |
| 4/2/2013 | $7.21 | $7.40 | 5/16/2013 | $8.08 | $7.35 |
| 4/3/2013 | $7.02 | $7.37 | 5/17/2013 | $8.14 | $7.37 |
| 4/4/2013 | $7.06 | $7.35 | 5/20/2013 | $8.05 | $7.38 |
| 4/5/2013 | $7.17 | $7.34 | 5/21/2013 | $8.13 | $7.40 |
| 4/8/2013 | $7.07 | $7.33 | 5/22/2013 | $8.43 | $7.42 |
| 4/9/2013 | $7.08 | $7.31 | 5/23/2013 | $8.55 | $7.44 |

| Date | Closing Price | Average Closing Price Between March 13, 2013 and Date Shown |
|---|---|---|
| 4/10/2013 | $7.17 | $7.31 |
| 4/11/2013 | $7.31 | $7.31 |
| 4/12/2013 | $7.27 | $7.31 |
| 4/15/2013 | $7.01 | $7.29 |
| 4/16/2013 | $7.08 | $7.28 |
| 4/17/2013 | $7.10 | $7.28 |
| 4/18/2013 | $7.00 | $7.27 |
| 4/19/2013 | $7.16 | $7.26 |
| 4/22/2013 | $7.15 | $7.26 |
| 4/23/2013 | $7.14 | $7.25 |
| 4/24/2013 | $7.17 | $7.25 |
| 4/25/2013 | $7.54 | $7.26 |
| 4/26/2013 | $7.45 | $7.27 |

| Date | Closing Price | Average Closing Price Between March 13, 2013 and Date Shown |
|---|---|---|
| 5/24/2013 | $8.33 | $7.46 |
| 5/28/2013 | $8.48 | $7.48 |
| 5/29/2013 | $8.22 | $7.49 |
| 5/30/2013 | $8.28 | $7.51 |
| 5/31/2013 | $8.21 | $7.52 |
| 6/3/2013 | $8.28 | $7.53 |
| 6/4/2013 | $8.19 | $7.54 |
| 6/5/2013 | $7.73 | $7.55 |
| 6/6/2013 | $7.76 | $7.55 |
| 6/7/2013 | $8.11 | $7.56 |
| 6/10/2013 | $8.04 | $7.57 |
| 6/11/2013 | $8.24 | $7.58 |

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

If you purchased or acquired Spectrum publicly traded common stock (CUSIP: _____) and/or call options and/or sold Spectrum put options during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that, **WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE**, you **MUST EITHER**: (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such Spectrum security during such time period; or (b) request additional copies of this Notice and the Claim Form, which will be provided to you free of charge, and **WITHIN SEVEN (7) DAYS** mail the Notice and Claim Form directly to the beneficial owners of that security.  If you choose to follow procedure (b), the Court has also directed that, upon such mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in

connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the above directives.   All communications concerning the foregoing should be addressed to the Claims Administrator:

*Spectrum Pharmaceuticals, Inc., Securities Litigation*
c/o Analytics LLC
_____
_____


Dated: _____, 2015                    BY ORDER OF THE UNITED STATES
                                         DISTRICT COURT
                                         DISTRICT OF NEVADA

# Exhibit 2

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

———————————————————————   x
                                                    :   Case No. 2:13-cv-00433-LDG (CWH)
                                                    :   Base File
In re: SPECTRUM PHARMACEUTICALS,          :
INC., SECURITIES LITIGATION                  :   CLASS ACTION
                                                    :
                                                    :
———————————————————————   x

PROOF OF CLAIM AND RELEASE

To be eligible to recover from the Net Settlement Fund in the action entitled *In re: Spectrum Pharmaceuticals, Inc., Securities Litigation*, No. 2:13-cv-00433-LDG (CWH) (the "Action"), you must complete and, on page ___ , sign this Claim Form.  If you fail to submit a properly completed and addressed Claim Form, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the Settlement of the Action.

Submission of this Claim Form, however, does not assure that you will share in the Net Settlement Fund.

YOU MUST MAIL OR SUBMIT YOUR COMPLETED AND SIGNED CLAIM FORM SO THAT IT IS POSTMARKED OR RECEIVED NO LATER THAN _____, 2016, ADDRESSED AS FOLLOWS:

**SPECTRUM PHARMACEUTICALS, INC. SECURITIES LITIGATION**

c/o _____

_____

_____

_____

I.     GENERAL INSTRUCTIONS

1.     It is important that you completely read the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Members of the Settlement Class are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice and the Stipulation and Agreement of Settlement, dated as of _____, 2015 (the

"Stipulation") filed with the Court also contain the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.

2.      This Claim Form is directed to all persons and entities that purchased or acquired publicly traded Spectrum common stock (including through the exercise of warrants or options) and/or call options, and/or sold publicly traded Spectrum put options, during the period from August 8, 2012 through March 12, 2013, inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) the Defendants; (ii) the officers and directors of Spectrum during the Class Period; (iii) members of the immediate families of the Individual Defendants and the officers and directors of Spectrum during the Class Period; (iv) any entity in which any Defendant has or had a controlling interest; (v) the legal representatives, heirs, successors, assigns, and affiliates of any such excluded party.   Also excluded from the Settlement Class will be any person who timely and validly seeks exclusion from the Settlement Class.

3.      IF YOU ARE NOT A MEMBER OF THE SETTLEMENT CLASS, OR IF YOU OR SOMEONE ACTING ON YOUR BEHALF SUBMITS A REQUEST FOR EXCLUSION, DO NOT SUBMIT A CLAIM FORM.   YOU MAY NOT PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A MEMBER OF THE SETTLEMENT CLASS.   IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS (AS SET FORTH IN PARAGRAPH 2 ABOVE), ANY CLAIM FORM THAT IS SUBMITTED FOR YOU WILL NOT BE ACCEPTED.

4.      If you are a Member of the Settlement Class, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion in accordance with the Notice.  As described in the Notice, the Judgment will release and enjoin the filing or continued prosecution of the Released Claims against the Released Defendant Parties (as defined in the Stipulation).

5.      Use Parts II to IV of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the Spectrum securities eligible to participate in the Settlement.  On these schedules, please provide *all* the requested information with respect to your holdings, purchases, acquisitions, and sales of eligible Spectrum securities, whether such transactions resulted in a profit or a loss.  Please provide only "contract" or "trade" dates in your claim.   Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.  Please note:  Only publicly traded Spectrum common stock (including through the exercise of warrants or options), call options, and put options purchased/acquired (or sold, with respect to put options) during the Class Period are eligible to participate.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of the securities set forth in the Schedules of Transactions in Parts II to IV of this form.  Documentation may consist of copies of brokerage confirmations or monthly statements.  The Parties and the Claims Administrator do not independently have information about your investments.   IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINALS.  Please keep a copy of all documents that you send in.  Also, please do not highlight any portion of the Claim Form or any supporting documents.

7.      Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity, no matter how many separate

accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

8.     This Claim Form must be signed by the beneficial owner(s), or a person duly authorized to sign on the beneficial owner's(s') behalf, of the Spectrum securities that are being identified.   Joint beneficial owners must each sign this Claim Form.   If you (i) purchased or acquired publicly traded Spectrum common stock (including through the exercise of warrants or options) and/or call options, and/or (ii) sold publicly traded Spectrum put options in your name or the securities were registered on your behalf in the name of a third party, such as a nominee or brokerage firm, then you are the beneficial owner and you must sign this Claim Form to participate in the Settlement.

9.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of Persons represented by them and proof of their authority must accompany this claim and their titles or capacities must be stated.   The Social Security (or Taxpayer Identification) number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of the claim or result in rejection of the claim.

10.     NOTICE REGARDING ELECTRONIC FILES:   Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.   To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www._____ or you may email the Claims Administrator's electronic filing department at _____.   Any file not in accordance with the required electronic filing format will be subject to rejection.   No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information.   Do not assume that your file has been received or processed until you receive this email.   If you do not

receive such an email within 10 days of your submission, you should contact the electronic filing department at _____ to inquire about your file and confirm it was received and acceptable.

11.    To be considered timely, your Claim Form must be postmarked or received, on or before _____, 2016.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

<table>
<tr><td>

MUST BE
POSTMARKED OR
RECEIVED NO
LATER THAN
_____ 2016

</td><td>

*In re Spectrum Pharmaceuticals, Inc.,*
*Securities Litigation*
PROOF OF CLAIM AND RELEASE
Use Blue or Black Ink Only

</td><td>

For Official Use Only

</td></tr>
</table>

PART I: <u>CLAIMANT IDENTIFICATION</u> - Complete either Section A or B and then proceed to C.
Please type or print.

A.   Complete this Section ONLY if the Beneficial Owner is an individual, joint, or IRA account.
     Otherwise, proceed to B.

Last Name (Beneficial Owner)

First Name (Beneficial Owner)

Last Name (Joint Beneficial Owner, if applicable)

First Name (Joint Beneficial Owner, if applicable)

Name of Custodian, if applicable

If this account is an IRA, and if you would like any check that you MAY be eligible to receive
made payable to the IRA account, please include "IRA" in the "Last Name" box above (e.g., Jones
IRA).

B.   Complete this Section ONLY if the Beneficial Owner is an Entity; i.e., corporation, trust, estate, etc.
    Then, proceed to C.

Entity Name

Name of Representative, if applicable (Executor, administrator, trustee, c/o, etc.)

C.   Mailing/Account Information:

Specify one of the following:
☐ Individual(s)   ☐ Corporation   ☐ UGMA Custodian   ☐ IRA   ☐ Partnership   ☐ Estate
☐ Trust

☐ Other:

Number and Street or P.O. Box

City

State

Zip Code

- 6 -

Foreign Province and Postal Code

Foreign Country

Telephone Number (Day)

Telephone Number (Evening)

Email Address

Account Number

PART II:   TRANSACTIONS IN SPECTRUM PUBLICLY TRADED COMMON STOCK

| 1.  BEGINNING HOLDINGS – State the total number of shares of Spectrum publicly traded common stock held as of the opening of trading on August 8, 2012.  If none, write "0" or "Zero."   (Must be documented.) _____ | | | | Proof of Holdings Enclosed<br><br>○ Y   ○ N |
|---|---|---|---|---|

| 2.  PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD – Separately list each and every purchase/acquisition of Spectrum publicly traded common stock from after the opening of trading on August 8, 2012 through and including the close of trading on March 12, 2013.  (Must be documented.) | | | | IF NONE, CHECK HERE<br><br>○ |
|---|---|---|---|---|
| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions and fees) | Proof of Purchase Enclosed |
| /       / | | $ | $ | ○ Y   ○ N |
| /       / | | $ | $ | ○ Y   ○ N |
| /       / | | $ | $ | ○ Y   ○ N |
| /       / | | $ | $ | ○ Y   ○ N |

| 3.  PURCHASES/ACQUISITIONS DURING 90-DAY LOOKBACK PERIOD – State the total number of shares of Spectrum publicly traded common stock purchased/acquired from after the opening of trading on March 13, 2013 and including the close of trading on June 11, 2013  (Must be documented. For claim balancing purposes only.) | | | | IF NONE, CHECK HERE<br><br>○ |
|---|---|---|---|---|

| 3.  SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD – Separately list each and every sale/disposition of Spectrum publicly traded common stock from after the opening of trading on August 8, 2012 through and including the close of trading on June 11, 2013.  (Must be documented.) | | | | IF NONE, CHECK HERE<br><br>○ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) | Proof of Sale Enclosed |
| /       / | | $ | $ | ○ Y   ○ N |
| /       / | | $ | $ | ○ Y   ○ N |
| /       / | | $ | $ | ○ Y   ○ N |
| /       / | | $ | $ | ○ Y   ○ N |

| 4.  ENDING HOLDINGS – State the total number of shares of Spectrum publicly traded common stock held as of the close of trading on June 11, 2013.  If none, write "0" or "Zero." (Must be documented.) _____ | | | | Proof Enclosed<br><br>○ Y   ○ N |
|---|---|---|---|---|

| IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX |
|---|

PART III:    TRANSACTIONS IN SPECTRUM PUBLICLY TRADED CALL OPTIONS

**1.  BEGINNING HOLDINGS** – For each of the following, state the total number of Spectrum call option contracts held as of the opening of trading on August 8, 2012.  If none, write "0" or "Zero."  (Must be documented.)

| Purchase Price of Spectrum Call Option Contract | Number of Call Option Contracts Held | Expiration Date of Call Option Contract (MM/YY) |
|---|---|---|
| $ | | / |
| $ | | / |
| $ | | / |
| $ | | / |

**2.  PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition of Spectrum call option contracts from after the opening of trading on August 8, 2012 through and including the close of trading on March 12, 2013.  (Must be documented.)

IF NONE, CHECK HERE ○

| Date of Purchase (List Chronologically) (Month/Day/Year) | Price of Spectrum Call Option Contract | Number of Call Option Contracts Purchased | Purchase Price Per Call Option Contract | Total Purchase Price (excluding taxes, commissions and fees) | Insert "E" if Exercised. Insert "X" if Expired | Exercise Date (Month/ Day/Year) | Expiration Date of Call Option Contract (MM/YY) |
|---|---|---|---|---|---|---|---|
| /    / | $ | | $ | $ | | /    / | / |
| /    / | $ | | $ | $ | | /    / | / |
| /    / | $ | | $ | $ | | /    / | / |
| /    / | $ | | $ | $ | | /    / | / |
| /    / | $ | | $ | $ | | /    / | / |
| /    / | $ | | $ | $ | | /    / | / |
| /    / | $ | | $ | $ | | /    / | / |

**3.  SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD**– Separately list each and every sale of Spectrum call option contracts listed in #2 above from after the opening of trading on August 8, 2012 through and including  the close of trading on June 11, 2013. (Must be documented.)

IF NONE, CHECK HERE ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Price of Spectrum Call Option Contract | Number of Call Option Contracts Sold | Sale Price Per Call Option Contract | Total Sale Price (excluding taxes, commissions and fees | Insert "A" if Assigned. Insert "X" if Expired | Expiration Date of Call Option Contract (MM/YY) |
|---|---|---|---|---|---|---|
| /    / | $ | | $ | $ | | / |
| /    / | $ | | $ | $ | | / |
| /    / | $ | | $ | $ | | / |
| /    / | $ | | $ | $ | | / |

**4.  ENDING HOLDINGS** – For each of the following, state the total number of Spectrum call option contracts held as of the close of trading on June 11, 2013.  If none, write "0" or "Zero."  If you wrote any call options, thereby having a short position in the options, please state the total short position(s) as a negative number.  (Must be documented.)

| Price of Spectrum Call Option Contract | Number of Call Option Contracts Held | Expiration Date of Call Option Contract (MM/YY) |
| --- | --- | --- |
| $ | | / |
| $ | | / |
| $ | | / |
| $ | | / |
| $ | | / |

| IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX |
| --- |

- 10 -

PART IV:    TRANSACTIONS IN SPECTRUM PUBLICLY TRADED PUT OPTIONS

**1. BEGINNING HOLDINGS** – For each of the following, state the total number of Spectrum put option contracts held as of the opening of trading on August 8, 2012. If none, write "0" or "Zero." (Must be documented.)

| Price of Spectrum Put Option Contract | Number of Put Option Contracts Held | Expiration Date of Put Option Contract (MM/YY) |
|---|---|---|
| $ | | / |
| $ | | / |
| $ | | / |
| $ | | / |

**2. SALES (WRITING OF PUT OPTIONS) DURING THE CLASS PERIOD** – Separately list each and every sale (writing) of Spectrum put option contracts from after the opening of trading on August 8, 2012 through and including the close of trading on March 12, 2013. (Must be documented.)  **IF NONE, CHECK HERE** ○

| Date of Sale (Writing) (List Chronologically) (Month/Day/Year) | Price of Spectru Put Option Contract | Number of Put Option Contracts Sold (Wrote) | Sale Price Per Put Option Contract | Total Sale Price (excluding taxes, commissions and fees) | Insert "A" if Assigned. Insert "X" if Expired. | Assign Date (Month/ Day/Year) | Expiration Date of Put Option Contract (MM/YY) |
|---|---|---|---|---|---|---|---|
| /    / | $ | | $ | $ | | /    / | / |
| /    / | $ | | $ | $ | | /    / | / |
| /    / | $ | | $ | $ | | /    / | / |
| /    / | $ | | $ | $ | | /    / | / |
| /    / | $ | | $ | $ | | /    / | / |
| /    / | $ | | $ | $ | | /    / | |

**3. RE-PURCHASES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every re-purchase of Spectrum put option contracts listed in #2 above from after the opening of trading on August 8, 2012 through and including the close of trading on June 11, 2013. (Must be documented.)  **IF NONE, CHECK HERE** ○

| Date of Re-Purchase (List Chronologically) (Month/Day/Year) | Price of Spectrum Put Option Contract | Number of Put Option Contracts Purchased | Purchase Price Per Put Option Contract | Total Purchase Price (excluding taxes, commissions and fees) | Insert "E" if Exercised. Insert X if Expired | Expiration Date of Put Option Contract (MM/YY) |
|---|---|---|---|---|---|---|
| /    / | $ | | $ | $ | | / |
| /    / | $ | | $ | $ | | / |
| /    / | $ | | $ | $ | | / |
| /    / | $ | | $ | $ | | / |

**4. ENDING HOLDINGS** – For each of the following, state the total number of Spectrum put option contract held as of the close of trading June 11, 2013. If none, write "0" or "Zero." If you wrote any put options, thereby having a short position in the options, please state the total short position(s) as a negative number. (Must be documented.)

| Price of Spectrum | Number of Put | Expiration | Price of Spectrum Put | Number of Put | Expiration Date |
|---|---|---|---|---|---|

| Put Option Contract | Option Contracts Held | Date of Put Option Contract (MM/YY) | | Option Contract | Option Contracts Held | of Put Option Contract (MM/YY) |
|---|---|---|---|---|---|---|
| $ | | / | | $ | | / |
| $ | | / | | $ | | / |
| $ | | / | | $ | | / |
| $ | | / | | $ | | / |
| $ | | / | | $ | | / |

| IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX | |
|---|---|

II.    SUBMISSION TO JURISDICTION OF COURT AND
       ACKNOWLEDGMENTS

By signing and submitting this Proof of Claim form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Proof of Claim form under the terms of the Plan of Allocation of Net Settlement Fund described in the accompanying Notice.  I (We) also submit to the jurisdiction of the United States District Court for the District of Nevada (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I (we) will be bound by the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein.  I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible Spectrum securities, if required to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of eligible publicly traded Spectrum common stock (including through the exercise of warrants or options), Spectrum call options, or Spectrum put options during the Class Period and know of no other person having done so on my (our) behalf.

III.    WARRANTIES AND CERTIFICATION

1.    I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notice, that I am (we are) not excluded from the Settlement Class, that I am (we are) not one of the "Released Defendant Parties" as defined in the accompanying Notice, and that I (we) believe I am (we are) eligible to receive a distribution from the Net Settlement Fund under the terms and conditions of the Plan of Allocation, as set forth in the Notice.

2.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

3.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales and other transactions in publicly traded Spectrum common stock (including through the exercise of warrants or options), Spectrum call options, or Spectrum put options that occurred during the Class Period and the number of securities held by me (us) at the beginning of trading on August 8, 2012 and at the close of trading on June 11, 2013.

4.      The number shown on this form is my current SSN; TIN; or EIN.

5.      I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding. *NOTE:* If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior language that you are not subject to backup withholding.

I (We) declare that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 20____

_____          _____
Signature of Claimant                                      (Type or print name of Claimant)

_____          _____
Signature of Joint Claimant, if any                    (Type or print name of Joint Claimant, if any)

_____          _____
Signature of person signing on behalf      (Type or print name of person signing,
of Claimant                                on behalf of Claimant)

| |
|---|

Capacity of person signing on behalf of Claimant, if other than an individual (e.g.,
Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

Reminder Checklist:

1.      Please sign this Claim Form.

2.      Remember to attach supporting documentation, if available.  DO NOT HIGHLIGHT
        THE PROOF OF CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.      Do NOT send original stock certificates or original brokerage statements.

4.      Keep a copy of your Proof of Claim form for your records.

5.      The Claims Administrator will acknowledge receipt of your Proof of Claim by mail,
        within 60 days.  Your claim is not deemed submitted until you receive an
        acknowledgment postcard.  If you do not receive an acknowledgment postcard within 60
        days, please call the Claims Administrator toll free at _____.

6.      If you move after submitting this Proof of Claim, please notify the Claims Administrator
        of the change in your address.

THIS PROOF OF CLAIM MUST BE POSTMARKED OR RECEIVED NO LATER

THAN _____, 2016.

*Spectrum Pharmaceuticals, Inc. Securities Litigation*

c/o _____

_____

_____

_____

# Exhibit 3

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

———————————————————— x
                                              :    Case No. 2:13-cv-00433-LDG (CWH)
                                              :    Base File
In re: SPECTRUM PHARMACEUTICALS,              :
INC., SECURITIES LITIGATION                   :    CLASS ACTION
                                              :
                                              :
———————————————————— x


SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED
SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

**TO:   ALL PERSONS AND ENTITIES THAT PURCHASED OR ACQUIRED SPECTRUM PHARMACEUTICALS, INC. PUBLICLY TRADED COMMON STOCK (INCLUDING THROUGH THE EXERCISE OF WARRANTS OR OPTIONS) AND/OR CALL OPTIONS AND/OR SOLD SPECTRUM PUBLICLY TRADED PUT OPTIONS DURING THE PERIOD FROM AUGUST 8, 2012 THROUGH MARCH 12, 2013, INCLUSIVE (THE "CLASS PERIOD") AND WERE ALLEGEDLY DAMAGED THEREBY.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Nevada, that Arkansas Teacher Retirement System ("Lead Plaintiff"), on behalf of itself and the Settlement Class, and Spectrum Pharmaceuticals, Inc. ("Spectrum"), Rajesh C. Shrotriya, Brett L. Scott, and Joseph Kenneth Keller (collectively "Defendants") have reached a proposed settlement in the above-captioned action (the "Action") in the amount of $7,000,000 in cash (the "Settlement Amount"), that, if approved, will resolve all claims in the Action (the "Settlement").

A hearing will be held before the Honorable Lloyd D. George of the United States District Court for the District of Nevada in the Lloyd D. George U.S. Courthouse, 333 Las Vegas Boulevard South, Las Vegas, NV at __:___ ____.m. on _____ __, 2016 to, among other things, determine whether (1) the proposed Settlement should be approved by the Court as fair, reasonable, and adequate; (2) this Action should be dismissed with prejudice as set forth in the Stipulation and Agreement of Settlement, dated _____ ___, 2015; (3) the proposed Plan of Allocation for distribution of the Settlement Amount, and any interest thereon, less Court-awarded attorneys' fees, Notice and Administration Expenses, Taxes, and any other costs, fees, or expenses approved by the Court (the "Net Settlement Fund") should be approved as fair and reasonable; and (4) the application of Lead Counsel for an award of attorneys' fees and payment of litigation expenses should be approved.  The Court may change the date of the Settlement Hearing without providing another notice.  You do NOT need to attend the Settlement Hearing in order to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND.** If you have not yet received the full Notice of Pendency of Class Action, Proposed Settlement and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator or visiting its website:

*Spectrum Pharmaceuticals, Inc., Securities Action*
Claims Administrator
c/o _____
_____
_____
Phone:  ____-____-____; Fax: ____-____-_____
[e-mail]
www._____

Inquiries, other than requests for the aforementioned documents or for information about the status of a claim, may also be made to Lead Counsel:

LABATON SUCHAROW LLP
Jonathan Gardner, Esq.
140 Broadway
New York, NY 10005
Tel: (888) 219-6877
www.labaton.com
settlementquestions@labaton.com

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form ***postmarked or received no later than _____ __, 2016***. If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

To exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is ***received no***

*later than* _____ __*, 2016.*  If you are a Settlement Class Member and do not exclude yourself from the Settlement Class, you will be bound by any judgments or orders entered by the Court in the Action.

Any objections to the proposed Settlement, Plan of Allocation, and/or application for attorneys' fees and payment of expenses must be mailed to counsel for the Parties in accordance with the instructions set forth in the Notice, such that they are *received no later than* _____ __*, 2016* and filed with the Court *no later than* _____ __*, 2016*.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**  ALL QUESTIONS ABOUT THIS NOTICE, THE PROPOSED SETTLEMENT, OR YOUR ELIGIBILITY TO PARTICIPATE IN THE SETTLEMENT SHOULD BE DIRECTED TO LEAD COUNSEL AT THE ADDRESS LISTED ABOVE.

DATED: _____            BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA