**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| In re: SPECTRUM PHARMACEUTICALS, INC., SECURITIES LITIGATION | Case No. 2:13-cv-00433-LDG (CWH) Base File<br><br>CLASS ACTION |
|---|---|

**[PROPOSED] FINAL ORDER AND JUDGMENT**

WHEREAS:

A. As of November 19, 2015, Arkansas Teacher Retirement System ("Lead Plaintiff" or "ATRS"), on behalf of itself and the Settlement Class (defined below), on the one hand, and Spectrum Pharmaceuticals, Inc. ("Spectrum" or the "Company"), Rajesh C. Shrotriya ("Shrotriya"), Brett L. Scott ("Scott"), and Joseph Kenneth Keller ("Keller") (collectively, "Defendants"), on the other hand, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the Action;

B. Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered January 27, 2016 (the "Preliminary Approval Order"), the Court scheduled a hearing for June 13, 2016, at 10:00 a.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; and (ii) determine whether a final order and judgment as provided for in the Stipulation should be entered;

C. The Court ordered that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *Investor's Business Daily* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

D. The Notice and the Summary Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by May 23, 2016;

E. The provisions of the Preliminary Approval Order as to notice were complied with;

F. On May 9, 2016, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on June 13, 2016, at which time all interested Persons were afforded the opportunity to be heard; and

G. This Court has duly considered Lead Plaintiff's motion, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement.

NOW, THEREFORE, after due deliberation, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on November 20, 2015; and (ii) the Notice, which was filed with the Court on May 9, 2016. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities that purchased or acquired publicly traded Spectrum common stock (including through the exercise of warrants or options) and/or call options, and/or sold publicly traded Spectrum put options, during the period from August 8, 2012 through March 12, 2013, inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) the Defendants; (ii) the officers and directors of Spectrum during the Class Period; (iii) members of the immediate families of the Individual Defendants and the officers and directors of Spectrum during the Class Period; (iv) any entity in which any Defendant has or had a controlling interest; and (v) the legal representatives, heirs, successors, assigns, and affiliates of any such excluded party. Also excluded from the Settlement Class is the person listed on the annexed Exhibit A as having submitted an exclusion request allowed by the Court.

4. Pursuant to Federal Rule of Civil Procedure 23, and for purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order

and finds the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein, in that: (i) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable; (ii) there are questions of law and fact common to the Settlement Class Members; (iii) the questions of law and fact common to Settlement Class Members predominate over any individual questions; (iv) the claims of Lead Plaintiff are typical of the Settlement Class's claims; (v) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (vi) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Federal Rule of Civil Procedure 23, and for purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies Lead Plaintiff Arkansas Teacher Retirement System as Class Representative for the Settlement Class, and finally appoints the law firm of Labaton Sucharow LLP as Class Counsel for the Settlement Class and the law firm of The O'Mara Law Firm, P.C. as Liaison Counsel for the Settlement Class.

6. The Court finds that the mailing and publication of the Notice, Summary Notice, and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Lead Counsel's request for an award of attorney's fees and payment of litigation expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons

Case 2:13-cv-00433-LDG-CWH Document 153-1 Filed 06/06/16 Page 5 of 10

entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

7. There have been no objections to the Settlement.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and in light of the benefits to the Settlement Class, the complexity, expense and possible duration of further litigation against Defendants, the risks of establishing liability and damages, and the costs of continued litigation, the Court hereby fully and finally approves the Settlement and Stipulation in all respects, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of Lead Plaintiff and the Settlement Class. This Court further finds the Settlement and Stipulation are the result of good faith arm's-length negotiations between experienced counsel with the assistance of a mediator. The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.

9. The Court hereby dismisses the Action in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

10. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

11. Upon the Effective Date, Lead Plaintiff and each and every other Settlement Class Member (whether or not such Settlement Class Member receives the Notice, executes and delivers a valid Proof of Claim, or receives proceeds from the Settlement Fund), and the heirs, representatives, attorneys, affiliates, executors, trustees, administrators, predecessors, successors,

Case 2:13-cv-00433-LDG-CWH Document 153-1 Filed 06/06/16 Page 6 of 10

and assigns of each of them, in their capacity as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties.

12. Upon the Effective Date, Lead Plaintiff and each and every other Settlement Class Member (whether or not such Settlement Class Member receives the Notice, executes and delivers a valid Proof of Claim, or receives proceeds from the Settlement Fund), and the heirs, representatives, attorneys, affiliates, executors, trustees, administrators, predecessors, successors, and assigns of each of them, in their capacity as such, shall forever be barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement of any and all Released Claims against each and every one of the Released Defendant Parties, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, administrative forum or other forum of any kind, either directly or indirectly, on their own behalf or on behalf of any class or other person.

13. Upon the Effective Date, Defendants, and the heirs, representatives, attorneys, affiliates, executors, trustees, administrators, predecessors, successors, and assigns of each of them, in their capacity as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, administrative forum or other forum of any kind, of any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

14. Each Settlement Class Member, whether or not such Settlement Class Member receives the Notice, has or will execute and deliver a valid Proof of Claim, or receive proceeds from the Settlement Fund, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

15. This Judgment and the Stipulation, whether or not consummated, and any discussions, negotiations, proceedings or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Lead Plaintiff and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiff, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against Defendants, Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff, or any other member of the Settlement Class, that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

16. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

17. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all

orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

20. Separate orders shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court, and regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

21. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) hearing and determining applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

22. The Court directs immediate entry of this Judgment by the Clerk of the Court.

Dated: 13 June, 2016

Honorable Lloyd D. George
UNITED STATES DISTRICT JUDGE

Case 2:13-cv-00433-LDG-CWH Document 153-1 Filed 06/06/16 Page 10 of 10

**EXHIBIT A**

1. Jady Soodyall